# HOLT *v.* HENLEY, TRUSTEE.

## APPEAL FROM THE CIRCUIT COURT OF APPEALS FOR THE FOURTH CIRCUIT.

No. 229.   Argued March 5, 1914.—Decided March 16, 1914.

The amendment to the Bankruptcy Act of June 25, 1910, giving the trustees, as to all property coming into the custody of the Bankruptcy Court, the rights of a creditor holding a lien, should not be construed to impair then existing rights.

Whether the power of Congress is limited in that respect or not, the usual interpretation of such statutes is to confine their effect to property rights subsequently established.

The right of one who had sold to the bankrupt under an agreement to retain title until payment, as it existed on June 25, 1910, was not affected by the amendment to the Bankruptcy Act of that date even if he did not comply with the statute of the State in regard to recording the agreement.

The goods in this case having been sold on conditional sale prior to the amendment of June 25, 1910, the seller had a better title than the trustee. *York Manufacturing Co.* v. *Cassell*, 201 U. S. 344.

Where the addition to the premises covered by the mortgage is not in its nature an essential indispensable part of the completed structure contemplated by that instrument, and its removal would not affect the integrity of that structure, the mortgagee takes just such interest in the addition as the mortgagor acquired, no more no less.

A sprinkler plant placed on mortgaged premises after the execution of that instrument and under an unrecorded conditional sale agreement *held* not to have attached to the freehold or to be covered by the after acquired property clause beyond the extent which the mortgagor had acquired.

193 Fed. Rep. 1020, reversed.

THE facts, which involve the relative rights of the trustee in bankruptcy, the mortgagee and the original owner of a sprinkling plant placed on the property of the bankrupt subsequent to the making of the mortgage

under an agreement of conditional sale, are stated in the opinion.

*Mr. S. O. Bland*, with whom *Mr. R. T. Armistead* was on the brief, for appellant.

*Mr. Norvell L. Henley* for the Peninsula Bank and Henley, trustee.

*Mr. O. D. Batchelor* for Phillips, Spencer and Cooke, trustees in bankruptcy.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a petition to the District Court sitting in Bankruptcy for leave to remove an automatic sprinkler system and equipment from the premises of the bankrupt, the Williamsburg Knitting Mill Company. It is opposed by the trustee of a mortgage of the plant of the Company and the holder of the mortgage notes, and by the trustees in bankruptcy, both of which parties claim the property. The referee, the District Court and the Circuit Court of Appeals decided in favor of the latter claims. 190 Fed. Rep. 871. 193 Fed. Rep. 1020, 113 C. C. A. 87. The petitioner, Holt, appeals. The facts are as follows: An agreement to install the sprinkler was signed by Holt on August 28, 1909 and by the bankrupt on October 14, 1909. The installation was begun about December 6, 1909 and finished in the latter part of March 1910, the equipment consisting of a fifty-thousand gallon tank on a steel tower bolted to a concrete foundation, pipes connecting the tank with the mill. By the agreement the system was to remain Holt's property until paid for and Holt was to have a right to enter and remove it upon a failure to pay as agreed. It also was to be personal property during the same time. A large part of the price has not been paid. But by the Code of Virginia, § 2462, unless registered as therein provided, which this was not, such sales are void

as to creditors (construed by the Virginia courts to mean lien creditors only), and as to purchasers for value without notice from the vendee. On November 23, 1909, the mortgage deed was executed, covering the plant on the premises and that 'which may be acquired and placed upon the said premises during the continuance of this trust.' The mortgagees claim the system by virtue of this clause and the fact that it had been attached to the soil. As bearing on this last it should be added that there now is a smaller tank on the same steel tower, that supplies the mill for domestic purposes, but this was not put there by Holt.

The trustees in bankruptcy join with Holt in disputing the claim of the mortgagees, but set up one of their own, which we will deal with before discussing that of the mortgagees. They rely upon the act of June 25, 1910, c. 412, § 8, 36 Stat. 838, 840, amending § 47a (2) of the Bankruptcy Act, and giving them, as to all property coming into the custody of the Bankruptcy Court, the rights of a creditor holding a lien. Before that amendment, Holt had a better title than the trustees would have got. *York Manufacturing Co.* v. *Cassell*, 201 U. S. 344. We are of opinion that the act should not be construed to impair it. We do not need to consider whether or how far in any event the constitutional power of Congress would have been limited. It is enough that the reasonable and usual interpretation of such statutes is to confine their effect, so far as may be, to property rights established after they were passed. If, as they sometimes do, the registry statute had fixed a time within which the registration must take place and the time had elapsed, we think it clear that the amendment would not be read as attempting to diminish Holt's rights. But the most obvious if not the only way of reaching that result would be by taking the amendment to affect subsequently established rights alone. That is a familiar and natural mode of interpretation, whereas it

would be highly artificial to say that it affected existing rights that still might be secured but not those for which the chance had been lost. Therefore we think it immaterial if true, that for a month or two after the amendment was passed Holt might have docketed a memorandum as provided by the Virginia act. The retention of title by him and his refraining from recording it both were perfectly lawful. His continuing title simply was postponed to purchasers without notice and creditors getting a lien. We are of opinion that it was not affected by the enactment of later date than the conditional sale. The opposite construction would not simply extend a remedy but would impute to the act of Congress an intent to take away rights lawfully retained, and unimpeachable at the moment when they took their start. We agree with the decision in *Arctic Ice Machine Co.* v. *Armstrong County Trust Co.*, 192 Fed. Rep. 114; 112 C. C. A. 458. *In re Schneider*, 203 Fed. Rep. 589. See also *Southwestern Coal & Improvement Co.* v. *McBride*, 185 U. S. 499, 503.

We turn now to the claim of the mortgagees. This is based upon the clause extending the mortgage to plant that may be acquired and placed upon the premises while the mortgage is in force, coupled with the subsequent attachment of the system to the freehold. But the foundation upon which all their rights depend is the Virginia statute giving priority to purchasers for value without notice over Holt's unrecorded reservation of title; and as the mortgage deed was executed before the sprinkler system was put in and the mortgagees made no advance on the faith of it, they were not purchasers for value as against Holt. *York Manufacturing Co.* v. *Cassell*, 201 U. S. 344, 351, 352. There are no special facts to give them a better position in that regard. But that being so, what reason can be given for not respecting Holt's title as against them? The system was attached to the freehold, but it could be removed without any serious harm for which complaint

could be made against Holt, other than the loss of the system itself. Removal would not affect the integrity of the structure on which the mortgagees advanced. To hold that the mere fact of annexing the system to the freehold overrode the agreement that it should remain personalty and still belong to Holt would be to give a mystic importance to attachment by bolts and screws. For as we have said, the mortgagees have no equity and do not bring themselves within the statutory provision. We believe the better rule in a case like this, and the one consistent with the Virginia decisions so far as they have gone, is that "the mortgagees take just such an interest in the property as the mortgagor acquired; no more no less." *Fosdick* v. *Schall*, 99 U. S. 235. *Meyer* v. *Western Car Co.*, 102 U. S. 1. *Monarch Laundry* v. *Westbrook*, 109 Virginia, 382, 384, 385. *Hurxthal* v. *Hurxthal*, 45 W. Va. 584. *Campbell* v. *Roddy*, 44 N. J. Eq. 244. *Davis* v. *Bliss*, 187 N. Y. 77. *Hendy* v. *Dinkerhoff*, 57 California, 3. *Binkley* v. *Forkner*, 117 Indiana, 176. *Cox* v. *New Bern Lighting & Fuel Co.*, 151 No. Car. 62. *Baldwin* v. *Young*, 47 La. Ann. 1466; *In re Sunflower State Refining Co.*, 195 Fed. Rep. 180, 187. The case is not like those in which the addition was in its nature an essential indispensable part of the completed structure contemplated by the mortgage. The system although useful and valuable can be removed and the works still go on.

*Decree reversed.*