## DETROIT STEEL COOPERAGE COMPANY *v.* SISTERSVILLE BREWING COMPANY.

### CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE FOURTH CIRCUIT.

No. 368.　Argued May 8, 1914.—Decided May 25, 1914.

The common law knows no objection to what is commonly called a conditional sale.

Chattels, such as tanks, furnished for a brewery under a contract of conditional sale duly recorded, although indispensable as part of the completed structure and attached to the real estate as between the mortgagor and the mortgagee, are not so attached to the realty as to become a part thereof and subject to the lien of a prior mortgage as between the vendor of the tanks and the mortgagee, if, as in this case, they can be removed without the physical disintegration of the building. *Holt* v. *Henley,* 232 U. S. 637.

An owner of a chattel may lose title thereto without his consent by its incorporation into a structure in such manner that its removal would destroy the structure.

The mere knowledge that a chattel, delivered under a contract of conditional sale, will be attached to the freehold, is of no importance, except as against innocent purchasers for value before the sale is recorded.

195 Fed. Rep. 447, 1023, reversed.

THE facts, which involve claims of the vendor and the holder of a mortgage bond to certain tanks and fixtures delivered to the owner of a brewery under a conditional sale, are stated in the opinion.

Mr. *Charles N. Kimball* and Mr. *George M. Hoffheimer,* with whom Mr. *Orla B. Taylor* and Mr. *Walter S. Sugden* were on the brief, for petitioner.

Mr. *Thomas P. Jacobs,* with whom Mr. *Arlen G. Swiger* was on the brief, for respondents:

The tanks cannot be removed from the brewery under

any circumstances, regardless of the question whether the removal would injure the structure or not; and whether they can be removed or not without injury to the building is not determinative of the issues in this case. *Lazear* v. *Foundry Co.*, 65 W. Va. 105; *Moore* v. *Patton*, 16 W. Va. 428; *McFadden* v. *Crawford*, 36 W. Va. 671.

The tanks being necessary for the purposes for which they were to be used, must be regarded as part of the realty, and not liable to be levied upon as personalty and not liable to be removed.  In this case the said tanks were actually placed in the building and the opening through which they had been carried was fully walled up, and the tanks installed as an integral part of the brewery, and without which there could have been no brewery. *Moore* v. *Patton, supra; Green* v. *Phillips*, 26 Gratt. (Va.) 752; *Shelton* v. *Ficklin*, 32 Gratt. (Va.) 727; Ewell on Fixtures, p. 415; *Lazear* v. *Foundry Co., supra;* Bronson on Fixtures, p. 91, §§ 19, 20; *Union Trust Co.* v. *Southern Sawmill Co.*, 166 Fed. Rep. 193; *Tippett* v. *Barham*, 180 Fed. Rep. 76; *New York Security Co.* v. *Capital Railroad Co.*, 77 Fed. Rep. 529.

The Massachusetts rule is prevalent and recognized as the law, as has been before suggested, in the jurisdiction from which this litigation arose.  The courts in Massachusetts make a clear distinction between that which is to remain in the form of goods and chattels, and that which becomes a part of the real estate, without regard to the fact of whether it is physically annexed or attached to the real estate or whether it is held in place by gravity. *Hunt* v. *Iron Co.*, 97 Massachusetts, 279.

There is a plain and marked distinction made between the Massachusetts line of decisions and the line of decisions headed by the New York Court of Appeals, and see *Porter* v. *Pittsburg Steel Co.*, 122 U. S. 267, 283; *Toledo &c. R. R. Co.* v. *Hamilton*, 134 U. S. 296, 302.  See also *United States* v. *New Orleans & O. R. Co.*, 12 Wall. 362.

Machinery and appliances in a distillery are part of the realty. *Smith* v. *Altick*, 24 Oh. St. 369; *Wolford* v. *Baxter*, 33 Minnesota, 12; *Equitable Trust Co.* v. *Christ*, 47 Fed. Rep. 756; *Ege* v. *Kille*, 84 Pa. St. 333; *Triplett* v. *Mays*, 13 Ky. Law Rep. 874; *Farrar* v. *Stackpole*, 19 Am. Dec. 201; *Frat* v. *Whittier*, 58 California, 126.

Having sold and delivered the tanks to the Brewing Company to be attached to the real estate on which the trust mortgage given to secure the bonds was a first lien, and having permitted the tanks to enter into and become a material part of the brewery plant, the Steel Company is estopped from asserting any right or priority on the property or the proceeds derived from the sale thereof to the injury of the security of the bondholders; but must be regarded as having waived its rights, if any, as against defendants' prior lien. *Phœnix Iron Works* v. *N. Y. Security Co.*, 83 Fed. Rep. 757; *Evans* v. *Kister*, 92 Fed. Rep. 836.

The rights of the mortgagee cannot be affected by any agreement, to which he is not a party, made between the seller and the mortgagor in possession. The rights of the mortgagee are superior to those of the seller of the fixtures attempting to retain title. *Tippett* v. *Barham*, 180 Fed. Rep. 76.

Under the "Massachusetts Rule," as distinct from the "New York Rule," and which is the rule of the two Virginias, and of the Fourth Circuit Court of Appeals, the rights of the mortgagee cannot be affected by an agreement to which he is not a party, and such rights are superior to those of the seller of the fixtures retaining title. *Hunt* v. *Bay State Iron Co.*, 97 Massachusetts, 279; *Loraine Steel Co.* v. *Norfolk &c. Ry. Co.*, 187 Massachusetts, 500; *Watertown Engine Cc.* v. *Davis*, 5 Houst. (Del.) 192; *Richardson* v. *Cokeland*, 6 Gray (Mass.), 536; *Clark* v. *Owen*, 15 Gray, 522.

Where the property is sold and is regarded as becoming an integral part of the realty, the retention of title thereto

or the reservation of a lien thereon is held to be ineffectual to preserve the rights of the seller. *United States* v. *New Orleans & O. R. Co., supra; Porter* v. *Pittsburg Steel Co., supra; Phœnix Iron Works* v. *New York Security & T. Co.,* 28 C. C. A. 76; *Meagher* v. *Hayes,* 152 Massachusetts, 228.

The mortgagees in obtaining the bonds contemplated the future acquisition of tanks from some source. The Cooperage Company, when it furnished the tanks, contemplated that they were putting into the plant something that would make it a complete brewery, and an integral part thereof. *Tippett* v. *Barham, supra.*

The interpretation given by petitioner to *Union Trust Co.* v. *Southern Sawmills Co.,* 166 Fed. Rep. 193; *United States* v. *Railroad Co.,* 12 Wall. 362; *Fosdick* v. *Schall,* 99 U. S. 235; *Myer* v. *Car Co.,* 102 U. S. 1; *York Mfg. Co.* v. *Cassell,* 201 U. S. 344, relied on by it, is not their true intent and meaning. There would have been no physical difficulty in removing the machinery involved in those cases. See *In re Williamsburg Knitting Mill,* 190 Fed. Rep. 871 [since reversed, *sub nom. Holt* v. *Henley,* 232 U. S. 637].

The Detroit Steel Company has waived its lien on these tanks by its conduct and acts. 35 Cyc. 673.

It was guilty of laches. *Chapman* v. *Lathrop,* 6 Cowen, 110; *Furniss* v. *Hone,* 8 Wend. 248; *Lupin* v. *Marie,* 6 Wend. 77; *Matthews* v. *Smith,* 31 Atl. Rep. 879; *Peabody* v. *Maguire,* 12 Atl. Rep. 631.

The other cases cited by petitioner can be distinguished.

Mr. Justice Holmes delivered the opinion of the court.

This is a bill in equity for an injunction against the sale of certain tanks, fixtures and fittings supplied by the petitioner to the defendant Brewing Company, and for a return of the same. The bill was dismissed by the Circuit Court and the decree was affirmed by the Circuit Court of

Appeals. 195 Fed. Rep. 447; *ibid.* 1023, where Pritchard, J., dissented from the refusal of a rehearing. 115 C. C. A. 349; *ibid.* 669.

The contract under which the tanks were furnished provided that the title should remain in the petitioner until they were fully paid for, and that the petitioner might remove them on default. It was made on August 8, 1908, and duly recorded on December 7 of the same year. Before those dates the Brewing Company had made a mortgage of its land, brewery, 'and all the buildings, machinery and appliances thereon erected or to be erected' and the mortgage had been recorded. There were subsequent mortgages, judgment liens, &c., but they do not need special mention. A bill was brought to foreclose the first mortgage, to which the petitioner was not made a party. A receiver was appointed and a sale ordered and advertised. The petitioner then brought this bill against the various adverse claimants, joining the receiver by leave of court. The statute of West Virginia makes a reservation of title such as the petitioner's 'void as to creditors of, and purchasers without notice from, such buyer' unless a notice of the reservation is recorded as therein required. Code (1906), § 3101.

In *Holt* v. *Henley*, 232 U. S. 637, the court had to consider a similar question of priority in view of a Virginia statute like that of West Virginia upon which the petitioner relies, and, although in that case the conditional sale had not been recorded, it was held that the vendor was to be preferred. The main question now before us is whether this case is to be decided differently on the ground that the tanks were 'an essential indispensable part of the completed structure contemplated by the mortgage,' a question left open in the former decision. 232 U. S. 641. The tanks were essential to the working of the brewery, and after they were installed the opening into the recess in which they stood was bricked up. It may

be assumed that they became part of the realty as between mortgagor and mortgagee, but that is immaterial in equity, however it may have been at the old common law. The question is not whether they were attached to the soil, but we repeat, whether the fact that they were necessary to the working of the brewery gives a preference to the mortgagee. We see no sufficient ground for that result. This class of need to use property belonging to another is not yet recognized by the law as a sufficient ground for authority to appropriate it. If the owner of the tanks had lent them it would be an extraordinary proposition that it lost title when they were bricked in. That it contemplated the ultimate passing of title upon an event that did not happen makes its case no worse except so far as by statute recording is made necessary to save its rights. The common law knows no objection to what commonly is called a conditional sale. *William W. Bierce, Ltd.* v. *Hutchins,* 205 U. S. 340, 347, 348.

The cases to which the possible exception left open in *Holt* v. *Henley* applies are principally those in which the property claimed has become so intimately connected with or embodied in that which is subject to the mortgage that to reclaim it would more or less physically disintegrate the property held by the mortgagee; *e. g. Porter* v. *Pittsburg Bessemer Steel Co.,* 122 U. S. 267. A man sometimes may lose title without his consent, and it has been held that he loses it even to an innocent converter who has added labor of a value far in excess of that of the original chattel. *Wetherbee* v. *Green,* 22 Michigan, 311. When the obvious destination of an article is to be incorporated into a structure in such a way that to remove it would destroy the other work, like bricks or beams in a building, there is still stronger ground for not giving to title an absolute right of way. But unless we give a mystic importance to bolts and screws, the mere knowledge that the chattel will be attached to the freehold is of no im-

portance, except perhaps as against innocent purchasers for value before the sale was recorded, which the mortgagees were not. *Holt* v. *Henley*, 232 U. S. 637, 640, 641. The damage that will be done by removal in this case is trifling and the petitioner offers to make it good.

The West Virginia decisions that had been rendered before the petitioner's contract was made, like those of Virginia, favored the petitioner's right. *Hurxthal* v. *Hurxthal*, 45 W. Va. 584. We do not understand *Lazear* v. *Ohio Valley Steel Foundry Co.*, 65 W. Va. 105, to lay down a different doctrine. We take it rather as turning on the special effect of a sale to receivers whose certificates it was thought were backed by a promise of the court that they should constitute a first lien. Therefore, we find it unnecessary to consider whether otherwise the doctrine of *Burgess* v. *Seligman*, 107 U. S. 20, coupled with our own opinion that the rule applied in the earlier decision is correct, would require us to follow that rather than the later case.

*Decree reversed.*

MR. JUSTICE LURTON dissents.