UNITED STATES FIDELITY & GUARANTY CO. OF BALTIMORE, MD.,
v. G. W. PARSONS CO.

(Circuit Court of Appeals, Eighth Circuit.    July 6, 1916.)

No. 4655.

SALES ☞474(2)—CONDITIONAL SALE—VALIDITY OF UNRECORDED CONTRACT.

An unrecorded conditional sale contract for a machine, by which the seller reserved title until full payment, although void under the statute as to good-faith purchasers and incumbrancers for value, is good as against one holding a prior contract, executed by the purchaser, giving a lien on after-acquired property, although possession was taken under the contract, the machine sold, and the purchaser credited with the proceeds, without notice by the creditor of the conditions of sale.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 1397; Dec. Dig. ☞474(2).]

In Error to the District Court of the United States for the Southern District of Iowa; John C. Pollock, Judge.

Action at law by the G. W. Parsons Company against the United States Fidelity & Guaranty Company of Baltimore, Md. Judgment for plaintiff, and defendant brings error. Affirmed.

For opinion below, see 225 Fed. 252.

Jesse A. Miller, of Des Moines, Iowa (J. D. Wallingford and Roy E. Curray, both of Des Moines, Iowa, on the brief), for plaintiff in error.

William B. Brown, of Des Moines, Iowa, and C. O. McLain, of Newton, Iowa, for defendant in error.

Before HOOK and SMITH, Circuit Judges, and AMIDON, District Judge.

AMIDON, District Judge. March 22, 1913, Misho & Co. contracted with the city of Edmonton, in the province of Alberta, Canada, to construct a sewer for it. Plaintiff in error, the United States Fidelity & Guaranty Company, became surety on its bond for the faithful performance of the contract. As one of the considerations for becoming surety the bond specified that Misho & Co. assign to the surety "all our right, title, and interest in and to all tools, plant, equipment, and materials of every nature and description that we may now or hereafter have upon said work, or in or about the site thereof," and empowered the Surety Company to take possession of the property in the event of default on the part of Misho & Co. in their contract with the city. More than a month subsequent to the giving of this contract of indemnity, Misho & Co. purchased a trencher of the plaintiff below, the G. W. Parsons Company, for a consideration of $7,000, only $1,500 of which was paid. The balance was evidenced by notes and a check. The contract of sale reserved title to the property until the entire consideration was paid. Neither this contract nor any note or memorandum thereof was filed for record either in Iowa, where the plaintiff has its place of business, or in Alberta, to which the trencher

was immediately removed. By the statute in both jurisdictions this failure to file rendered the conditional sale contract void as to good-faith purchasers and incumbrancers for value. In September, 1913, Misho & Co. abandoned the contract, and authorized the Surety Company to take possession of the trencher and other property. This it did, and completed the work at a loss of about $10,000. The Surety Company examined the records in Alberta, and found no evidence of a conditional sale. At the completion of the job they sold the trencher for $3,500, and credited Misho & Co. with the sum in their account. This suit was brought by the Parsons Company against the Surety Company to recover the value of the trencher as for conversion. The case was tried before the court without a jury, special findings were made, and a judgment entered in favor of the plaintiff for the sum of $5,000. The Surety Company, which was defendant below, brings error.

The case is controlled by Holt v. Henley, 232 U. S. 637, 34 Sup. Ct. 459, 58 L. Ed. 767. That suit involved a contest between the vendor under a conditional sale, and a mortgagee under a mortgage which was executed and recorded previous to the sale, so the cases are parallel. Here the contract granting the Surety Company its rights was executed prior to the sale to Misho & Co. Defendant attempts to distinguish the case of Holt v. Henley upon the ground that there was no taking possession of the property in that case by the mortgagee before the conditional contract was filed, and urges that, as the Surety Company there took possession without notice of the conditional sale, it thereby acquired a right superior to the title held by the vendor. The fallacy of that argument arises out of the fact that the mortgagee in the case of Holt v. Henley filed his mortgage (see decision of trial court, In re Williamsburg Knitting Mill [D. C.] 190 Fed. 871, 872), and that, under all the decisions, was tantamount to the taking of possession. So the contest in Holt v. Henley was between the vendor under an unrecorded conditional sale and a prior mortgagee under a mortgage embracing after-acquired property, which mortgage was duly filed and thus had the same effect as the taking of possession by the mortgagee. The Supreme Court held that the mortgagee was not a good-faith incumbrancer for value of this after-acquired property, and sustained the claim of the vendor under the conditional sale contract. The present case cannot be distinguished from that decision in any material feature. The Surety Company has no standing in equity. It parted with no value. Its claim that the giving of credit to Misho & Co. was sufficient to make it a purchaser for value, is unsound. There were no present negotiations between the Surety Company and Misho & Co. by which the latter transferred title to the trencher to the former in consideration of the credit. That was a mere matter of bookkeeping on the part of the Surety Company.

The decision was right, and is affirmed.