CENTRAL TRUST CO. OF ILLINOIS et al. v. UNION TERMINAL CO. et al.

(District Court, S. D. Florida.   May 21, 1918.)

1. MORTGAGES ⟨⤳151(5)—LIENS—SUPERIORITY.
    One who furnished fire-extinguishing apparatus for a building with knowledge that the owner had executed a mortgage securing bonds issued and sold to raise funds to defray the cost of construction is not, though he had recovered a judgment for the amount due, entitled to a lien superior to that of the bondholders.

2. MORTGAGES ⟨⤳492—PAYMENT OF LIENS.
    Where a decree establishing a lien prior to a mortgage gave the mortgagees leave to pay off the same, the mortgagees, having discharged the lien and relieved the property therefrom, are in equity entitled to recover from the property the amount so paid.

In Equity.   Suit by the Central Trust Company of Illinois and William T. Abbott against the Union Terminal Company and others.   On exceptions to the master's report.   Exceptions overruled.

⟨⤳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

N. P. Bryan, of Jacksonville, Fla., for complainants.

J. T. G. Crawford, of Jacksonville, Fla., for defendant Union Terminal Co.

F. P. Fleming, of Jacksonville, Fla., for defendant General Fire Extinguisher Co.

R. P. Marks, of Jacksonville Fla., for defendant Turner Construction Co.

CALL, District Judge.   This cause comes on for a hearing upon the exceptions to the master's report, filed by the Turner Construction Company and the General Fire Extinguisher Company.   The contention of the General Fire Extinguisher Company is that its lien upon the fire-extinguishing apparatus is superior to the lien of the complainant mortgagees.   Two cases, Holt v. Henley, 232 U. S. 637, 34 Sup. Ct. 459, 58 L. Ed. 767, and Detroit Steel Cooperage Co. v. Sistersville Brewing Co., 233 U. S. 712, 34 Sup. Ct. 753, 58 L. Ed. 1166, are particularly relied upon to sustain this contention.

[1] The facts of this case are radically different from those of either of those cases.   In the instant case a mortgage was executed to the complainants, and bonds issued and sold, for the purpose of constructing the building, including the fire-extinguishing apparatus to be installed.   With knowledge of this condition of affairs, the General Fire Extinguisher Company installed and affixed to the building the apparatus on which it now seeks to affix a lien superior to the lien of the complainants, under the agreement filed in evidence before the master, which on its face purports to give a first lien to said Extinguisher Company.   On default in the payments the company brought a simple action at law and recovered a judgment for the amount due for the apparatus.   The lien of this judgment upon the entire property is subsequent to the lien of complainants.   While the complainants do not occupy the position of subsequent creditors or purchasers, strictly speaking, yet I think they do occupy a position which gives them a superior equity to have their claim first satisfied before the General Fire Extinguisher Company can assert any special lien to the apparatus installed in and made a part of the building to be erected by the funds derived from the sale of the bonds which the mortgage was given to secure.

The exceptions filed by the Turner Construction Company raise questions, it seems to me, which will properly arise before the master when it comes to the payment of the bonds.   The evidence shows that the bonds were sold and outstanding, and this in judgment proves the debt due from the debtor.

The exceptions of the General Fire Extinguisher Company and the Turner Construction Company will therefore be overruled.

[2] At the hearing the solicitor for the complainants offered in evidence the certified copy of the master's report, showing the payment by the complainants of the decree in the case of Turner Construction Company against the mortgagor defendant herein, which had heretofore been declared a lien prior to the lien of the mortgage, with the request

that the amount so paid be included in the decree of foreclosure. The General Fire Extinguisher Company and the Turner Construction Company object to this being done. This decree was a prior lien to the mortgage, and in the decree the mortgagees were given leave to pay off same. This they have done, thus relieving the property of this prior lien. It seems nothing but equity to allow the mortgagees to recover from the property the amount so paid.

The decree will provide for the payment of the sum so paid in satisfaction of the decree.