# In re MOULTRIE CREAMERY & PRODUCE CO.*

## J. S. SCHOFIELD'S SONS CO. et al. v. CITIZENS' BANK OF MOULTRIE.

(Circuit Court of Appeals, Fifth Circuit. October 31, 1924.)

### No. 4310.

**Fixtures ⟨⟩20—Creamery machinery held fixtures included within prior mortgage of after-acquired property.**

Boilers, smokestack, etc., installed in creamery plant, removal of which would incapacitate plant, *held*, under Civ. Code Ga. 1910, § 3621, fixtures included within a prior mortgage of after-acquired property, which became superior to vendor's reservation of title.

Appeal from the District Court of the United States for the Southern District of Georgia; William H. Barrett, Judge.

In the matter of the bankruptcy of the Moultrie Creamery & Produce Company. From a judgment declaring a mortgage held by intervener, the Citizens' Bank of Moultrie, superior to claims of the J. S. Schofield's Sons Company and others, the latter appeal. Affirmed.

Orville A. Park, of Macon, Ga., and Sam S. Bennet, of Albany, Ga. (Jones, Park & Johnston and Harris, Harris, & Popper, all of Macon, Ga., Pope & Bennet, of Albany, Ga., and John B. Harris, of Macon, Ga., on the brief), for appellants.

Erle B. Askew, of Moultrie, Ga., and R. J. Bacon, of Baconton, Ga., for appellee.

Before WALKER, BRYAN, and KING, Circuit Judges.

KING, Circuit Judge. On January 5, 1919, the Citizens' Bank of Moultrie took from a partnership operating under the name of Moultrie Creamery & Produce Company, composed of C. L. Brooks and H. H. Rothe, a security deed securing a note of $3,000, which deed was duly recorded on February 7, 1919, and received on December 27, 1919, a similar deed on the same property from the same grantors, securing a note for $6,000. This last deed was expressly on said property, describing it and all improvements thereon, including buildings, machinery, fixtures, and any and all other improvements which attached thereto, and which, legally interpreted, attach to such real estate; the loans being made on the face of the papers, so that they covered the Moultrie Creamery as a plant. Thereafter the partnership was dissolved, and the partnership business was operated by Brooks, one of the former partners. Thereafter a corporation was organized, which purchased this creamery plant; said purchase being subject to said security deeds. Thereafter bankruptcy proceedings were instituted against said corporation, to wit, the Moultrie Creamery & Produce Company, and application for leave to sell the bankrupt property made and notice given.

After said security deeds were made and said corporation formed, on July 25, 1921, it purchased from J. S. Schofield's Sons Company two boilers, with the smokestack and fixtures necessary, on a conditional contract of sale, title being reserved in the seller, which was recorded within less than 30 days after the boilers were installed. The boilers were suspended from brackets inside of a brick wall or casing to a fire box underneath. This wall or brick casing is built around and especially for the boilers. On one side the wall is carried up to support the tank above the roof. The smoke stack is carried around from the boilers through the roof. Certain other parties sold other necessary machinery to the bankrupt, with reservation of title until paid for, which was substituted for other like machinery covered by the bank's mortgages. All of this machinery was substituted for machinery in use at the time it was purchased.

On the hearing of the application for leave to sell the property, the Citizens' Bank of Moultrie intervened to foreclose its security deeds herein referred to, and the sellers of this new machinery and equipment intervened and set up their contention of title as superior to the claim of said bank. The District Court held that the claim of the Citizens' Bank of Moultrie was superior to the claims of said sellers of said property, and this is the contention here.

Section 3621 of the Code of Georgia of 1910, being section 3049 of the Code of 1895, embodies the law on the subject of fixtures. The Supreme Court of Georgia has held: "Our Code is in entire harmony with the common law on this subject." Wright v. Du Bignon, 114 Ga. 765, 768, 40 S. E. 747, 749, 57 L. R. A. 669.

If the contention was entirely between the parties to this contract, it would be governed by the intention of the parties as expressed in the reservation of title; but, being between a prior mortgagee with an after-acquired property clause as to the improvements, the question is: Is the property in controversy a removable fixture under the common law? Evans v. Kister, 92 F. 828, 836, 35 C. C. A. 28. The mortgages were on a creamery plant; it was in operation with machinery in it as a creamery plant when

*Rehearing denied November 21, 1924.  Certiorari denied 45 S. Ct. 226, 69 L. Ed. —.

the mortgages were created. For this machinery the property in question was substituted. It could not be removed without destroying the property as a creamery plant, although it will leave the building practically unhurt for future use in conjunction with that or similar machinery as a creamery plant. The machinery could not be used, except in conjunction with that or some similar building. It was therefore at law a fixture. Cunningham v. Cureton, 96 Ga. 489, 23 S. E. 420; Brigham v. Overstreet, 128 Ga. 447, 458, 57 S. E. 484, 10 L. R. A. (N. S.) 452, 11 Ann. Cas. 75.

We think that the case is unlike that of Holt v. Henley, Trustee, 232 U. S. 637, 34 S. Ct. 459, 58 L. Ed. 767, and that under the implications of that case this property would be governed by the rule therein laid down. In that case the rule is, where the addition to the premises covered by the mortgage is not in its nature an essential, indispensable part of the completed structure contemplated by that instrument, and its removal would not affect the integrity of that structure, the mortgagee takes just such interest in the addition as the mortgagor acquired; no more, no less. In this case the referee found as a fact that each part of this property was an essential and indispensable part of the completed structure contemplated by the mortgage. In the Henley Case it was found that the system, though useful and valuable, could be removed and the work still go on. It is not so here, and although we do not think it is necessary to hold with the referee that the statute of Georgia is different from the common law in regard to fixtures, we think that the mortgages of the bank were superior to the reservations of title in this case. Tippett & Wood v. Barham, 180 F. 76, 80, 103 C. C. A. 430, 37 L. R. A. (N. S.) 119.

The judgment should be affirmed.