PALM et al. v. BACHRACH, Inc., et al.

BACHRACH, Inc., v. PRINCESS CO. et al.

(Court of Appeals of District of Columbia. Submitted March 5, 1925. Decided April 6, 1925.)

Nos. 4169, 4170.

1. Fixtures ⚖14—Right of seller of elevator to remove it for default in payment held superior to rights of lessee or lessor of building in which it was installed.

Conditional sale of electric freight elevator to lessee expressly reserving the right to enter the building and stipulating that the material remained seller's property until final payment, effectually reserved the right to remove it in case of default in stipulated payments, and such right was superior to any right which either lessee or his lessor then acquired in the elevator as being a fixture.

2. Fixtures ⚖14—Rights of one installing elevator under conditional sale contract with lessee held not affected by subsequent assignments of lease.

Rights of one installing elevator in building under conditional sale contract with lessee held not affected by lessee's assignment of lease to one who gave renewal note for balance due on elevator, or by a second assignment to corporation, without reference to elevator or remaining indebtedness thereon.

3. Fixtures ⚖14—Assignee of lease, claiming no title to property, held not in position to attack conditional seller's right to retake it on ground that conditional sale contract was not acknowledged and recorded.

Where second assignee of lease did not claim to have purchased or to be owner of an elevator installed in leased premises under conditional sale contract with lessee, he could not attack seller's right to remove such elevator for default in payment of purchase price, on ground that contract was not acknowledged and recorded as required by D. C. Code, § 547; that section being applicable only to third persons "acquiring title to the said property from said purchaser."

4. Contracts ⚖186(1)—Decree requiring bank to satisfy purchase-money lien on elevator installed under contract with lessee out of collateral pledged with it by assignee of lessee, who had assumed debt, held unwarranted.

In action by second assignee of lease to enjoin removal of elevator conditionally sold to original lessee, where note given by plaintiff in consideration of the assignment to him

had been pledged with bank as collateral for loan by first assignee, who had assumed lessee's indebtedness on elevator, *held*, plaintiff was not entitled to decree requiring such bank to pay amount due out of collateral held by it in excess of amount of its claim.

Appeal from Supreme Court of District of Columbia.

Suit by Bachrach, Incorporated, against Blake Palm, trading as Blake Palm & Bro., the Princess Company, and the District National Bank of Washington. From a decree granting partial relief, the first-named defendant and plaintiff both appeal. Decree reversed, and cause remanded, with directions.

W. H. White, of Washington, D. C., for Palm and others.

Morris Simon, Lawrence Koenigsberger, Eugene Young, W. E. Lester, R. P. Barnard, and G. H. Johnson, all of Washington, D. C., for Bachrach, Incorporated, and others.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. This is an appeal from a decree of the lower court enjoining Blake Palm from removing a certain electric freight elevator, whether by legal process or otherwise, from its location in a certain building in the city of Washington; he being about to replevin the elevator under a conditional sale contract. The facts are stipulated by the parties.

On August 10, 1918, Beyer, as owner, made a lease of certain premises in the city of Washington to Cary for the term of 10 years, commencing September 1, 1918, at a certain monthly rental, the premises to be used for a confectionery and lunch business. It was stipulated in the lease that all improvements made by the lessee upon the demised premises should become the property of the lessor at the termination of the lease, except the furniture, fixtures, or improvements of the lessee used in connection with the conduct of his business, such as soda fountain, counters, showcases, kitchen outfit, etc. The lease was duly recorded on August 28, 1918.

On September 7, 1918, while Cary was in possession of the premises under the lease and was conducting his business therein, he entered into a written agreement with Palm whereby the latter agreed to furnish and install an electric freight elevator and equipment in the premises for the sum of $4,080, upon terms of $1,500 cash and a note for the balance, payable at the rate of $50 per month. It was stipulated in the agreement that Palm reserved the right to enter the building, and that the material should remain his property until final payments be made. The elevator was installed by Palm in accordance with the agreement; the note was given, and partial payments were made upon it, but at the commencement of this suit the sum of $1,568.40 was due and unpaid thereon. The conditional sale was not acknowledged until June 24, 1919, and was not recorded until July 9, 1919.

On June 2, 1919, Cary, with the consent of the lessor, assigned the lease, together with the personal property in the premises, to the Princess Company, of which he was president. At the same time the Princess Company gave its note to Palm for the sum of $1,568.40 as the balance due upon the conditional sale agreement; the note being indorsed by Cary personally before its delivery to Palm. The company continued the business until the latter part of 1919, when it became financially embarrassed and discontinued it.

On February 4, 1920, the Princess Company, with the consent of the lessor, entered into a written agreement with Bachrach, Incorporated, whereby the former assigned the lease to the latter, omitting, however, to transfer or convey therewith the electric freight elevator in question. As consideration for the assignment of the lease, Bachrach executed and delivered its promissory note to the company in the sum of $46,750, payable in monthly installments of $458.33 each, and also agreed to assume the liabilities of the company as assignee of the lease including the payment of the monthly rental for the premises as stipulated therein. On March 18, 1920, the note aforesaid was hypothecated by the Princess Company to the District National Bank as collateral for a loan made to it by the bank in the sum of $28,000. The bank still holds the collateral, although the debt due from the company has since been reduced by partial payments to the sum of $19,352. At the time of the loan the bank had no knowledge of the transactions relating to the elevator.

Prior to the filing of the bill Palm threatened to repossess himself of the elevator by replevin unless the balance of his debt be paid, whereupon Bachrach began this suit for an injunction, and "for the purpose of having the respective rights of all the parties hereto adjudicated." It is conceded that the material furnished by Palm for the elevator is the ordinary and usual kind purchasable in the market, and is capable of removal

from the building without injury to the shafts, and of being replaced by another elevator of the same kind, or a different kind.

It is claimed by Palm that he is entitled to remove the elevator under the conditional sales agreement, unless the unpaid balance of the purchase money be paid to him. It is claimed by Bachrach that that agreement was not acknowledged or recorded as required by law, that it had neither actual nor constructive notice of the agreement when the lease was assigned to it, that the elevator was a fixture in the building, and that claimant was entitled to the possession and use of it as a tenant under the lease. It claims furthermore that, if it should be held that the unpaid balance aforesaid is a lien upon the elevator, the court should order the amount to be paid by the Princess Company, or by the District National Bank, from the collateral held by it in excess of the debt due to the bank from that company.

Upon these conflicting claims the lower court entered a permanent injunction against Palm, enjoining him from proceeding by replevin or otherwise to recover possession of the elevator, from which decree Palm has appealed. Bachrach also has appealed as a means of preserving its claim against the Princess Company and the bank in event of a reversal of the decree of the lower court in respect to Palm's claim.

[1] We cannot agree with the conclusion reached by the lower court. When Palm installed the elevator under the conditional sales agreement, he effectually reserved the right to remove it in case of a default in the stipulated payments. That right was superior to any right which either Cary or his lessor then acquired in the elevator. In other words, neither of them was entitled to defeat Palm's rights by claiming that the elevator had become a fixture upon the premises, and therefore was not removable under the conditional sale agreement. Mott Iron Works v. Middle States Co., 17 App. D. C. 584; Holt v. Henley, Trustee, 232 U. S. 637, 34 S. Ct. 459, 58 L. Ed. 767; Detroit Co. v. Sistersville Br. Co., 233 U. S. 712, 34 S. Ct. 753, 58 L. Ed. 1166; Tiffany, Landlord and Tenant, vol. 2, § 247.

[2] When Cary assigned the lease, together with the elevator and other effects, to the Princess Company, and that company executed a renewal note to Palm for the balance owing under the contract, the rights of Palm as against both the company and the lessor respecting the elevator were the same as his former rights against Cary and the lessor. Afterwards, when the Princess Company assigned and transferred the lease to

Bachrach without reference to the elevator, the rights of Palm were not affected by the transaction. It should be noted that Bachrach does not claim to have purchased the elevator, nor to be the present owner of it, consequently the argument respecting the acknowledgment and recording of the conditional sale contract is irrelevant.

[3] The statute governing that subject, section 547, Code D. C., reads in part as follows: "No conditional sale of chattels in virtue of which the property is delivered to the purchaser, but by the terms of which the title is not to pass until the price of said chattels is fully paid, where the purchase price exceeds one hundred dollars, shall be valid as against third persons acquiring title to said property from said purchaser without notice of the terms of said sale, unless the terms of said sale are reduced to writing and signed by the parties thereto and acknowledged by the purchaser and recorded in the same manner as a chattel mortgage," etc.

This enactment does not apply to the present case, since Bachrach is not a third person "acquiring title to said property from said purchaser," and accordingly is not within the terms of the statute. Moreover, Bachrach does not hold under a demise of the premises made by the owner subsequent to the installation of the elevator, but as assignee of a lease made prior to that time. Under the terms and conditions of the assignment Bachrach acquired no greater rights in the premises than those possessed by its assignor. It may be noted that the lessor of the premises is not a party to this record, but, since Bachrach claims as a lessee, the rights of the lessor have been considered herein.

[4] Nor do we find that Bachrach is entitled to the relief claimed by it against the District National Bank. There is no privity of contract between the two, nor is there any allegation of fraud or insolvency against any of the parties. Nor can its claim against the Princess Company be adjudicated in this case. Accordingly these parties should be dismissed from the case.

The decree of the lower court is reversed, and the cause is remanded, with directions to vacate the injunction against Palm, and to enter a decree finding the amount due to him under the conditional sale agreement, and enjoining Bachrach from interfering with the removal of the elevator by Palm, if that amount be not paid.

Reversed, with costs against Bachrach, Incorporated, and remanded.