## WHEAT v. OTIS ELEVATOR CO. et al.

Circuit Court of Appeals, Fifth Circuit.
December 21, 1927.

No. 5137.

1. Fixtures ⊜⟲35(2)—Conditional seller installing elevators cannot reclaim same against mortgage without proving that they are not so attached as to become realty.

Where elevators and their equipment were installed in a hotel by seller, after execution of a mortgage with after-acquired property clause, there is no presumption that they remained personalty and the burden is on seller, claiming right of removal as against the mortgage, to prove, not only that the sale was conditional, with title reserved until full payment, but also that the elevators were not so attached to the building as to lose their character as personalty and to have become a part of the freehold.

2. Fixtures ⊜⟲22—Removal of elevators held not defeated by proof that hotel could not be successfully operated without them or that elevators were attached to building.

If elevators could be removed without substantial damage to hotel building, they did not lose their character as personalty, and hence title thereto remained in conditional seller under its contract, which right of removal would not be defeated by proof that hotel could not be successfully operated without elevators or that they had been attached by bolts and screws to building.

Appeal from the District Court of the United States for the Southern District of Florida; Lake Jones, Judge.

In Equity. Suit by John B. Wheat, trustee, against the Tampa Commercial Hotel Company. Motion by complainant for a preliminary injunction against the Otis Elevator Company was denied, and he appeals. Reversed and remanded, with directions.

Daniel MacDougald and John A. Sibley, both of Atlanta, Ga. (Spalding, MacDougald & Sibley, of Atlanta, Ga., on the brief), for appellant.

Martin H. Long, of Jacksonville, Fla., Chas. J. Morrow and Chas. F. Blake, both of Tampa, Fla., and Timothy I. McKnight, of Chicago, Ill. (Sims, Welch, Godman & Stransky, of Chicago, Ill., on the brief), for appellees.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. This is an appeal from an order denying a preliminary injunction which was sought to prevent the Otis Elevator Company from taking the passenger and freight elevators and elevator equipment out of a seventeen-story hotel owned by the Tampa Commercial Hotel Company, subject to a mortgage to secure a million dollar bond issue. The order was entered in a suit to foreclose the mortgage, in which appellant as trustee for the bondholders alleged that the elevator company claimed a lien upon the hotel property, and had notified the hotel company that it would remove the elevators and equipment from the building unless the balance due on the purchase price thereof was paid within three days, and had brought a suit in replevin to recover possession. It was alleged that any lien the elevator company might have was inferior to the lien of the mortgage. There was incorporated in the mortgage an after-acquired property clause that applies to fixtures, including elevators; but that clause covers only such fixtures as were owned by the mortgagor. At the hearing for preliminary injunction, the elevator company introduced its contract with the hotel company. That contract provides that title to the elevators and equipment connected therewith should be retained by the elevator company until full payment of the purchase price of $60,000; but it requires the elevator company to install the equipment as well as the elevators. That equipment included overhead beams, guard rails, and weights, and electric devices for operating the elevators. There was an unpaid balance of approximately $14,000 on the purchase price, and the elevator company therefore insists that it still holds title to the elevators and equipment, and in retaking possession is only enforcing its rights as owner of personal property, although its counsel stated in the argument that it still was willing to accept the unpaid balance of the purchase price in settlement of its claim.

[1, 2] It being established that the elevators and equipment had been installed and were in place in the hotel, a prima facie presumption arose that they had become a part of the freehold and that the unconditional title thereto was in the owner of the hotel property. Under these circumstances it will not be presumed that the sale was conditional, or that title to fixtures had been retained by the parties who had furnished them. That a materialman's lien existed would be the more reasonable inference suggested by the situation. The burden therefore rested on the elevator company, which denied the existence of a lien, and instead asserted ownership, to prove not only a conditional sale, but also that the equipment had not become a part of the freehold. There was satisfactory proof of a conditional sale, and that the hotel company had failed to pay the balance due. Under the terms of the contract, the elevator company held title to the personal property in question. It did not lose that title by virtue of the after-acquired property clause of the mortgage, because the mortgagor did not own it. But there was no proof that the fixtures in question were not so attached to the hotel building as to lose their character as personalty and become part of the freehold. We are of opinion that, in the absence of such proof, it was error to deny the preliminary injunction, and that the trial court, in the exercise of its sound discretion, should have required evidence as to the effect upon the hotel property of the removal of the fixtures installed by the elevator company. If the fixtures can be removed without substantial damage to the hotel building, then they did not lose their character as personalty, and title thereto remains in the elevator company under its contract. The right of removal would not be defeated by proof that the hotel could not be successfully operated without elevators, or that they had been attached by bolts and screws to the building. Holt v. Henley, 232 U. S. 637, 34 S. Ct. 459, 58 L. Ed. 767; Detroit Steel Co. v. Sistersville Brewing Co., 233 U. S. 712, 34 S. Ct. 753, 58 L. Ed. 1166.

The trustee, in support of his position that the fixtures had become a part of the freehold, cites In re Moultrie Creamery & Produce Co., 2 F.(2d) 129, decided by this court; but in that case the mortgage was upon a plant as such, and the machinery which it was there held became a part of the freehold was substituted for other machinery which was subject to the lien of the mortgage. We do not think that case is inconsistent with the just cited rulings of the Supreme Court; but, if it is, of course, it would not be controlling. The elevator company has received three-fourths of the purchase price, and offers to surrender its claim of title upon payment of the balance due it. Even if it should be found upon final hearing that the facts warrant the removal of the fixtures, in view of that offer an opportunity should be allowed to any bondholder, or the trustee as his representative, promptly to pay off such balance with interest, and to have a lien therefor superior in dignity to the lien of the mortgage. In this way an equitable set-

tlement of the whole matter would be made, and the hardship avoided of losing the benefit of the substantial payments on the contract price. Of course, if it shall appear that the fixtures in question can be removed and payment or tender of the balance due thereon shall not be made promptly, then the elevator company would be entitled to retake possession of its property without paying the amounts it has received in partial payment.

The decree is reversed, and the cause remanded, with directions for further proceedings in conformity to this opinion.

Reversed.