## INTERSTATE TRUST & BANKING CO. v. WARREN et al.

### No. 7053.

Circuit Court of Appeals, Fifth Circuit.

Feb. 23, 1934.

Claibourne M. Phipps, of Tampa, Fla., and W. F. Marcus, of New Orleans, La., for appellant.

M. G. Gibbons, Melville Gunby Gibbons, and Wm. H. Jackson, all of Tampa, Fla., for appellees.

Before BRYAN, SIBLEY, and HUTCHESON, Circuit Judges.

BRYAN, Circuit Judge.

This is a bill to foreclose a chattel mortgage on a sprinkler system installed in a building upon leased ground. It was brought against the owners of the realty and a subsequent mortgagee, alleged that "a large part of the pipes or supply lines for such sprinkler system is concealed within the ceilings or between the walls and the plastering in said building but that all or the greater part of the said system can be removed without injuring the said building to such an extent that it cannot be replaced after the removal of said system in a condition as good as it would have been if the system had not been installed"; and prayed for its removal and delivery to the purchaser in the event of a foreclosure sale, conditioned upon the restoration of the building to as good condition as it was in prior to removal. The lease contained provisions to the effect that the lessee should not create a lien on the premises, and that all improvements placed thereon should become a part of the freehold. The bill was dismissed on motion of the defendants; and the complainant appeals.

[1, 2] Holt v. Henley, 232 U. S. 637, 34 S. Ct. 459, 58 L. Ed. 767, removal was permitted of a sprinkler system which was attached by bolts and screws, but which it was held could be taken out without substantial damage to the building, the court saying the removal did not affect the integrity of the building. In Detroit Steel Cooperage Co. v. Sistersville Brewing Co., 233 U. S. 712, 34 S. Ct. 753, 58 L. Ed. 1166, tanks installed in a brewery and placed in a recess which was bricked up were likewise permitted to be removed, the court saying that only trifling damage would be done to the building; but it was there recognized that the right of removal would not exist where the damage to the building would be substantial. In this case the sprinkler system, or at least a "large part" of it, is concealed and cannot be removed without causing really serious and substantial injury and damage to the plaster, walls, and ceilings or floors of the building. The bill itself concedes that the removal of some parts of the system might result in damage that could not be repaired. In our opinion such part or parts of it as were built into the building became a part of the freehold, and appellant has no right to have them taken out. There may be tanks or minor parts, such as nozzles, which can be removed with no ap-

preciable or only trifling resulting damage; if so, appellant should be allowed the right to assert a lien upon them. The decree of the district court is modified so as to be without prejudice to that right.

As so modified, the decree is affirmed.