618

In re PFEIFFER SILK CORPORATION (WATER GAP THROWING CO., Inc., et al., Interveners).

No. 8816.

District Court, M. D. Pennsylvania.
June 25, 1936.

Ralph L. Levy, of Scranton, Pa., for petitioner.

C. R. Bensinger, of Stroudsburg, Pa., R. Wallace White, of Scranton, Pa., and Erdman & Williams and I. A. Labar, all of Stroudsburg, Pa., for respondents.

WATSON, District Judge.

Mindlin & Rosenman, Inc., petitioned the court for a rule on the trustees to show cause why they should not turn over certain machinery in their possession to the petitioner. A rule to show cause was granted. Answers were filed by the trustees, by the Monroe County National Bank of East Stroudsburg, and by the First Stroudsburg National Bank. The issue raised came before David Rosenthal, Esq., as special master, who filed his report and recommended that the trustees be ordered to turn over to the Petitioner certain machinery, namely: "42 Cone Winders style 50 6 sp. Universal Winder Co., washboard tension; 6 Cone Winders style 50 6 sp. Universal Winder Co. 23; 3—5B spinners," which was admittedly in their possession.

Exceptions to the report and recommendation of the special master were filed by the trustees and by the Monroe County National Bank of East Stroudsburg.

It appears from the pleadings and the stipulations that Mindlin & Rosenman, Inc., owned a certain throwing, spinning and winding plant in Dunmore, Pa., and certain machinery located therein; that in 1926 Mindlin & Rosenman, Inc., leased to Albert J. Pfeiffer, Inc., said plant and premises and the machinery, including which was "42 Cone Winders style 50 6 sp. Universal Winder Co. washboard tension; 6 Cone Winders style 50 6 sp. Universal Winder Co. 23; and 3—5B spinners"; that the lease provided that the tenant should not remove any of the machinery without the written consent of the landlord; that, while the lease was in force, Albert J. Pfeiffer, Inc., the tenant, did remove without the written consent of the landlord, the petitioner herein, the machinery above referred to to the mill of the Water Gap Throwing Company located in East Stroudsburg, Pa.; that the machinery was placed on the floor of the mill and used in operating the plant and is now so used; that, at the time of the removal, there existed a mortgage against the mill property of the Water Gap Throwing Company; that said mortgage is now owned by the First Stroudsburg National Bank and the Monroe County National Bank of East Stroudsburg; and that said mortgage contains the following clause: "Together with all and singular the buildings, improvements, hereditaments, appurtenances, machinery, equipment, fixtures, utensils, handbills and bobbins as set forth in the enclosed list of machinery marked schedule 'A' and all direct and indirect mechanical appliances whatsoever belonging to the above described premises, and also such as may be acquired and placed on said premises during the term of this mortgage."

The special master found, as a matter of law, that the machinery removed from the Dunmore plant of Mindlin & Rosenman, Inc., to the plant of the Water Gap Throwing Company in East Stroudsburg, is not subject to the lien of the mortgage.

The exceptants contend that this was error, and that the machinery is subject to the lien of the mortgage.

The petitioner relies upon two decisions of the Supreme Court of the United States. Holt v. Henley, 232 U.S. 637, 34 S.Ct. 459, 58 L.Ed. 767, and Detroit Steel Cooperage Co. v. Sistersville Brewing Co., 233 U.S. 712, 34 S.Ct. 753, 58 L.Ed. 1166. In each case, the personal property was sold to the owner of the plant with the agreement by the purchaser that the title to the personal property should remain in the seller until paid for by the purchaser, and, in each case, it was held that the personal property was not as to the seller covered by the after-acquired property clause in the mortgage. The exceptants rely principally upon what are known as the "Chocolate Cases" decided by the Supreme Court of Pennsylvania, one of which is Central Lithograph Company v. Eatmor Chocolate Company, 316 Pa. 300, 175 A. 697. In this case, also, the personal property was sold to the owner of the plant with the agreement by the purchaser that the title to the personal property should remain in the seller until paid for, and there it was held that the personal property was part of the freehold and as such subject to the lien of the mortgage.

The petitioner contends that this court should follow the decisions of the Supreme Court of the United States, and the exceptants contend that this court should follow the decisions of the Supreme Court of Pennsylvania.

It is to be observed that in each of the cases referred to the personal property was delivered to the owner of the mortgaged premises by the owner of the personal property, and the right of possession was in the owner of the mortgaged premises; whereas, in the instant case, the personal property was never delivered to the Water Gap Throwing Company, Inc., by the Mindlin & Rosenman, Inc., the owner of the personal property, and the Water Gap Throwing Company, Inc., never had any right to its possession. The personal property was removed from the Dunmore plant of Mindlin & Rosenman, Inc., without the consent of the owner thereof, and, presumptively, without its knowledge, for there is no evidence to the contrary. A mortgagee takes such an interest in the mortgaged property as the mortgagor acquired. Holt v. Henley, supra. To hold that an article wrongfully annexed to the owner's land without the assent of its owner becomes part of the realty would be an extraordinary proposition not based upon any decisions of the courts that I have been able to find, and, in my opinion, unjust. That which was held in Central Lithograph Co. v. Eatmor Chocolate Co., supra, does not apply here. The special master in his conclusion committed no error.

Now, June 25, 1936, the exceptions to the report of the special master are dismissed, the special master's report is approved, and the conclusion of the special master is affirmed, the rule to show cause granted April 17, 1935, is made absolute as to "42 Cone Winders style 50 6 sp. Universal Winder Co., washboard tension; 6 Cone Winders style 50 6 sp. Universal Winder Co. 23; 3—5B spinners," and the trustees are directed to turn over said property to the Mindlin & Rosenman, Inc., the petitioner. The rule to show cause as to other personal property is discharged.