**In re SMITH.**

No. 18987.

District Court, E. D. Pennsylvania.

June 1, 1937.

See, also, 19 F.Supp. 597.

Carl A. Cassone, of Allentown, Pa., for petitioner.

William B. Butz, of Allentown, Pa., for trustee.

MARIS, District Judge.

The trustee in bankruptcy has petitioned for the review of orders of the referee allowing two reclamation petitions of Excellent Cabinet Works Corporation claiming goods and chattels under conditional sale agreements dated June 18, 1935, and August 27, 1935, respectively.

The goods and chattels sold by the contract of June 18, 1935, consisted of certain back bar superstructure, wall paneling, window and front wall paneling, archway, luncheon booths, tables, chairs, cigar case, and front doors. The items sold under the contract of August 27, 1935, consisted of wainscoating, settees, tables, table tops, and mirrors with frames. These were all installed in the bankrupt's premises by the vendor after the dates on which the respective conditional sales contracts were executed and filed in the prothonotary's office. Each of the contracts provided for the reservation of title in the seller until the purchase price was fully paid. The bankrupt having defaulted in the payments of installments of the purchase price, and the articles being in the possession of the trustee in bankruptcy, the vendor filed its petitions for the reclamation thereof, both of which, after hearing, the referee allowed.

The trustee argues that this was error for a number of reasons which we will consider. It should first be noted, however, that section 7 of the Uniform Conditional Sales Act of Pennsylvania (69 P.S.Pa. § 404) is the portion of the act which specifically relates to the conditional sale of goods to be attached to realty and that between the times the two contracts here involved were signed this section was amended by the Act of July 12, 1935, P.L. 658 (69 P.S.Pa. § 404). The result is that the two contracts, although signed less than three months apart, are subject to different statutory provisions.

Before the amendment of 1935, section 7 (P.L.1925, p. 603, as amended by P.L.1927, p. 979 [69 P.S.Pa. § 404]), so far as material provided: "As against an owner, * * * who has not assented to the reservation of property in the goods, if any of the goods are so attached to the realty as not to be severable without material injury to the freehold, the reservation of property in the goods so attached shall be void, notwithstanding the filing of the contract or a copy thereof, unless such injury, although

material, be such as can be completely repaired, and the seller, before retaking such goods, furnishes or tenders to such owner * * * a good and sufficient bond conditioned for the immediate making of such repairs. * * * In order to entitle the conditional sale contract or copy thereof, referred to in this section, to be filed and indexed, it shall have endorsed thereon or attached thereto a statement, signed by the seller, briefly describing the realty, and stating that the goods are, or are to be, affixed thereto."

After the amendment of 1935 (69 P.S. Pa. § 404) the section so far as material provided as follows: "Goods to be affixed to realty shall not become a part of the said realty, or of the freehold to which they are attached or are to be attached, or of any operating plant of which they may form a part, but shall be treated as severable and subject to removal as against the conditional vendee, his heirs, executor, administrator, successors and assigns, and, also, as against any * * * owner, purchaser or other persons having any interest in * * * such real property or freehold, until the unpaid balance due under the said conditional sale contract has been paid, if, prior to the said affixing or attaching of the goods to the realty, the conditional sale contract or a copy thereof, together with a statement signed by the seller briefly describing the realty and stating that the goods are to be affixed thereto, shall have been filed in the office of the prothonotary for the county in which the said realty is situate: Provided, however, If an owner * * * of the said realty shall demand a bond to protect him against loss, resulting from damage which may be caused to the land or to the physical structure of the buildings or other improvements to which such goods are attached by the removal of the said goods conditionally sold, the conditional seller or his successor in interest shall deliver to the said owner * * * a good and sufficient bond, conditioned for the immediate making of such repairs, said bond to be in a sum equal to the cost of making the said repairs, before commencing the detachment or removal of the said goods."

■ With these statutory provisions in mind we will consider the questions raised by the trustee. The first is that the conditional sales contracts were not so filed as to comply with the provisions of section 7, which before the amendment required the contract or copy to "have endorsed thereon or attached thereto a statement, signed by the seller, briefly describing the realty, and stating that the goods are, or are to be, affixed thereto." After the amendment the provision was that the contract or copy thereof should be filed "together with a statement signed by the seller briefly describing the realty and stating that the goods are to be affixed thereto." It is conceded that in the case of neither contract here involved was a separate statement filed describing the realty and stating that the goods were to be affixed thereto. In each case, however, the contract itself in its first paragraph contained an express agreement by the seller to install the goods in premises Nos. 928½–930 Hamilton street, Allentown, Pa.

The reclamation petitioner strongly urges that this was a sufficient compliance with each of the statutory provisions. With this view we agree. In our opinion a clear statement in the contract itself that the goods sold are to be installed in premises specifically designated by street and number is a sufficient compliance with the statutory requirement of a statement to be signed by the seller briefly describing the realty and stating that the goods are to be affixed thereto. To hold that when such a statement appears on the face of the contract itself it is also necessary to file a separate statement to the same effect would in our opinion amount to the addition to the statute of a provision which it does not contain and which would serve no useful purpose. It is to be noted that, prior to the amendment of 1935, section 7 provided that the statement in question might be either indorsed on or attached to the contract. We think that a statement appearing upon the face of the contract may fairly be said to be indorsed thereon within the meaning of this provision. The provision in the amended section that the contract shall be filed "together with a statement" refers to the filing of the statement rather than to its location in relation to the contract, and in our opinion it is satisfied by a statement appearing on the face of the contract which is filed. We accordingly hold that both contracts were filed in compliance with the provisions of section 7 of the Uniform Conditional Sales Act in force when they were respectively executed.

■ The trustee's other objection is that the goods here in question, or at least a portion of them, were so attached to the realty

as not to be severable without material injury to the freehold. It will be observed that this objection relates only to the goods sold under the first contract, since section 7, as amended, makes all goods affixed to realty under a filed conditional sale contract fully severable without regard to damage, compensation for which is to be covered by a bond. The question whether the goods were severable without material injury to the freehold is clearly one of fact. It was fully considered by the referee in this case and he found from the evidence that the goods claimed were removable without material injury. In his finding we fully concur. The testimony clearly showed that the fixtures here involved were attached to the walls by screws and that upon removal the only possible injury to the building would be the screw holes left in the walls. This, however, was not such an injury to the freehold as would prevent their removal. Holt v. Henley, 232 U.S. 637, 34 S.Ct. 459, 58 L.Ed. 767. Furthermore it may seriously be questioned whether either the bankrupt or his trustee is entitled to raise this question. The bankrupt was merely a tenant of the real estate and it would, therefore, seem that neither he nor his trustee had such an interest in the realty as entitled him to invoke the provisions of section 7 of the act. Nor could the owner himself raise the question since the record shows that he had expressly waived his right at the time the contracts were executed.

The petitions for review are dismissed, and the orders of the referee are confirmed.