CHARLES R. BROWN & another *vs.* PAUL D. WALLIS.

Suffolk.    March 4. — June 16, 1874.    WELLS & ENDICOTT, JJ., absent.

Replevin will not lie by the assignee of a tenant against the landlord for an unremoved trade fixture.

A counting-room put into a store by a tenant, which is made of a framework of three sides fastened to the floor by nails and to the brick wall of the building in which it stands, is a trade fixture.

REPLEVIN of certain fixtures and chattels, which were at the time they were replevied in a store numbered 49 Lincoln Street, Boston.

Trial in the Superior Court, before *Devens,* J., who allowed a bill of exceptions in substance as follows :

On October 1, 1870, the defendant, who was the owner of the store in question, made a written lease of it to one William J. Cain, who entered under the lease, and placed in the store the fixtures and other chattels replevied.   On March 13, 1871, while continuing to occupy the store under the lease, he executed and delivered a bill of sale to Granville Wilder of " all the personal property of every description now in the store numbered 49 on Lincoln Street, consisting of one bar, bar, gas and other fixtures, furniture, tools, implements, lot of glass ware, ale pump, stock of cigars and other goods, and various other articles too numerous to mention, meaning and intending to convey all the personal property hereby, now in said store and office connected therewith."   Wilder the same day made and executed to Cain a mortgage of " all the store, bar, gas and other fixtures this day conveyed to me by said Cain, situated in store and office numbered 49 on Lincoln Street."   Cain on March 29, 1871, assigned this mortgage and all his right, title and interest " in the goods and

property therein described" to the plaintiffs, to whom also Wilder, by a transfer on the back of the mortgage, dated January 22, 1872, conveyed his right, title and interest "in and to the within described mortgaged property."

At the time of Wilder's release the defendant was in possession of the premises and held the keys, having taken possession from Wilder on or about the 16th of the same month. At the trial the witness Cain, who was called by the plaintiffs, and who originally placed the fixtures in the store and built the counting-room therein, testified that said counting-room was used as his office, that his books of account were kept there, and that the usual office business of such a store was transacted in said counting-room, and there was no other evidence upon this point.

The counting-room or office was a structure eight or nine feet square, six or seven feet in height, not reaching within several feet of the ceiling, and consisted of a framework, sheathed and panelled, both outside and inside, and made double, and was fastened to the floor by nails, and to the brick wall against which it stood, and which formed the fourth side, by nails in cleats, which cleats were themselves nailed into the joints of the brick. A crowbar was used by the plaintiffs' agents in removing this structure, under the replevin writ, and the three sides or sections were entirely separated from each other by such removal. There were two doors in the structure, and windows in two or three sides, and it was proved that there was no other place in the store called, or known, as a counting-room or an office.

After the evidence was all in, the defendant asked the court to instruct the jury that the counting-room was not included in the bill of sale or in any of the subsequent written instruments. The presiding judge stated that he should so rule, and the plaintiffs excepted thereto. . The parties thereupon agreed that a verdict should be taken for the plaintiffs with nominal damages as to all the replevied property except the counting-room, and for the defendant as to said counting-room. The bill of exceptions stated the sole question reserved to be whether the counting-room is included in the bill of sale and in the subsequent written instruments.

*C. F. Donnelly*, for the plaintiffs.

*H. D. Hyde & M. F. Dickinson, Jr.*, for the defendant.

COLT, J.   The sheriff was required by the plaintiffs' writ to replevy certain personal property and fixtures therein named, one item of which is described as "one counting-room," in the possession of the defendant.

This property was originally placed in the defendant's store by the tenant under a written lease from the defendant.   The tenant transferred his title to all of it as it is claimed by bill of sale to a third person under whom the plaintiffs claim title.

At the time of the service of the writ the case finds that this counting-room, so called, was securely fastened to the floor and wall against which it stood, so as to require the use of a crowbar and to be necessarily separated into three pieces before it could be removed and taken possession of by the sheriff.

Under a ruling of the court that the counting-room was not included in the bill of sale or any of the subsequent writings under which title was claimed by the plaintiffs, the parties agreed to a verdict for the plaintiffs as to all the property replevied except that, and for the defendant as to that.

It is unnecessary to consider whether the right construction was given to the language used in the writings in question or not. For it is plain upon the facts in this case that whatever may be the plaintiffs' remedy, replevin will not lie for an unremoved fixture of this description.   Taking the most favorable view claimed by the plaintiffs, this room or office was a trade fixture placed in the defendant's store and removable by the tenant during the time of his lease.   So long as it remained annexed to the real estate it was part of the freehold.   The landlord is not liable in trover for its conversion, and replevin can be maintained only for the taking of a personal chattel, not for an injury to that which is affixed to the inheritance.   1 Chit. Pl. (5th Eng. ed.)  167. When the writ was sued out, it was part of the realty.   *Guthrie* v. *Jones*, 108 Mass. 191.   *Niblet* v. *Smith*, 4 T. R. 504.   *Cresson* v. *Stout*, 17 Johns. 116.                              *Exceptions overruled.*