## TOWSON v. SMITH.

FIXTURES ; DEEDS ; EVIDENCE ; CONTRACTS.

1. Counters placed in a room used for many years as a dry goods store, and shelving in the room fastened to the walls, and a desk constructed upon a raised platform in the room and surrounded by a railing fastened to the floor, are fixtures and a part of the realty, if not designed for mere temporary use, or intended to be severed from the building, so long as it remained a storeroom.
2. A deed of real estate, or of a leasehold interest therein, embraces and conveys fixtures attached to the realty, and parol evidence is not admissible to establish an exception or reservation of the fixtures, if the deed itself is silent upon the subject.
3. In an action of trover by the vendor of a leasehold estate for the conversion of alleged chattels, claimed by the defendant to be fixtures and to have passed by the conveyance, parol evidence on behalf of the plaintiff that prior to the agreement to sell the leasehold and immediately after the conveyance thereof, the plaintiff had offered to sell the fixtures and the defendant had refused to purchase them, is insufficient to show an agreement between the parties with respect thereto.

No. 779.  Submitted April 14, 1898.  Decided June 7, 1898.

HEARING on an appeal by the plaintiff from a judgment on a verdict directed by the court in an action of trover. *Affirmed.*

The COURT in its opinion stated the case as follows :

This is an action of trover brought by the appellant, Dorsey E. W. Towson, against the appellee, Emmons S. Smith, to recover damages for the alleged conversion of certain articles, to wit, certain shelves, counters, and a stationary desk, put up as fittings in a storeroom, where they had been used as fixtures, in conducting the dry goods business for several years.  The plea was not guilty, and the verdict and judgment being for the defendant, the plaintiff has appealed.

It was shown in evidence, on the part of the plaintiff, that he was the owner, prior to November 3, 1893, as assignee of one Varnum, of an unexpired term or leasehold estate, in No. 811 Market Space, in the City of Washington, the original lease to Varnum being for 99 years, renewable forever.   That the front or main part of the building had been continuously occupied as a dry goods store, since 1858, at which time one Shuster, as tenant, placed therein certain counters, shelves and desk, being part of the articles sued for; the shelving, according to the proof of the plaintiff, being fastened to the wall by iron hold-fasts, and the desk being constructed upon a platform raised from the floor, and surrounded by a railing fastened to the floor.

It further appears that, in 1869, Shuster sold to Johnson his unexpired lease, having to run for five months, with the fixtures and good will, and the latter became tenant of Kibbey, the owner of the fee.   In 1872, Varnum obtained a lease from Kibbey for ninety-nine years, renewable forever, and Johnson became the tenant of Varnum.   Afterwards, Varnum erected a back building, and placed therein shelves and counters, being part of those sued for; and thenceforth Johnson, the tenant, used the new part as well as the old, and all counters, shelves, and desks, until 1877, when the plaintiff purchased Varnum's right in the premises, and also all the right of Johnson, in the counters and shelves; and the plaintiff took possession and use of the premises, with all the shelves, counters, desks, etc., and conducted in the building a dry goods store himself.   Some time prior to the 3d of November, 1893, the plaintiff leased the building and the premises to one Kann, who occupied the same as tenant of the plaintiff, and carried on the dry goods business, using the shelves, counters, and desk which had been placed therein by Shuster and Varnum, respectively; that Kann's lease from the plaintiff expired on the 31st of January, 1894.

On October 26, 1893, the plaintiff sold his leasehold in-

terest in the premises to the defendant, and the vendor and vendee entered into a written agreement for the sale and assignment and transfer of the leasehold premises; and, subsequently, that is to say, on the 3d day of November, 1893, in pursuance of the previous contract of sale, the plaintiff made and delivered to the defendant a deed for the said leasehold premises; and neither in the contract of sale nor in the subsequent deed of assignment, was there any reservation or exception in . respect to fixtures or articles of shelves, counters or desks theretofore used in the storeroom.

The plaintiff, then, subject to the objection of the defendant, gave evidence tending to prove that the plaintiff had, prior to the signing of the written agreement of sale of October 26, 1893, and also immediately after the execution of the deed of the 3d of November, 1893, offered to sell to the defendant the fixtures in the store building, and that the defendant refused to purchase the same.

The plaintiff further gave evidence tending to prove that prior to January 31, 1894, he demanded of the defendant the counters, shelving and desk in said premises, and that such demand was refused. Kann continued to occupy the premises after January 31, 1894, as a dry goods store until October 31, 1894, as tenant of the defendant. The plaintiff, on this proof, rested his case.

The defendant then gave in evidence the deed to him by the plaintiff of the 3d of November, 1893. He also gave evidence to prove that the counters, shelving and desk remained in the premises and continued to be used in the store until the tenant, Kann, quit possession. That in March, 1895, the defendant remodelled the store to adapt it to purposes other than a dry goods store, and that the counters, shelving and desk were then taken out and sold to one Carmody, a builder, and who removed the articles from the building. That the shelving was fastened to the wall with iron fastenings driven into the wall, and when removed from the walls the shelves were broken in detaching them; that

the counters were nailed to the floor, and their removal was accomplished by being pried up from their fastening to the floor with crowbars; that the desk was fastened to a raised platform on the floor, and in removing the same it was necessary to break off the supports of the desk; that the desk could, possibly, have been removed without breaking, but that to do so would have cost more than it was worth.

Upon the close of the evidence, the defendant moved the court to strike out all the evidence on behalf of the plaintiff, given for the purpose of proving an oral agreement or understanding between the plaintiff and defendant, relating to the shelving, counters, desk and railing, prior to the date of the execution and delivery of the deed of November 3, 1893, by the plaintiff to the defendant, and also the agreement of October 26, 1893, upon the ground that all such evidence was in conflict with and had been merged in the deed. This motion the court granted, and thereupon instructed the jury to return their verdict for the defendant, which was accordingly done.

*Mr. Arthur A. Birney* for the appellant:

1. Whether the articles sued for were to be regarded as real estate or as chattels depended upon the understanding of the parties. 8 Ency. of Law, 61, and cases cited. A banker's safe, though bricked in, was held to be a removable fixture as between vendor and vendee. *Moody* v. *Aiken,* 50 Texas, 65. So where the question was whether steam radiators and pipes were a part of the realty as between purchaser under sheriff's sale, and purchaser of the realty under mortgage foreclosure, it was held that they were not a part of the realty. *Bank* v. *North,* 160 Pa. St. 303. The rule of the common law by which whatever is affixed or annexed to the soil or freehold becomes a part of it, and can not be removed except by him who is entitled to the inheritance, may be modified or changed by the agreement of the parties, express or implied, and this of course by

parol evidence. *Walker* v. *Schindel,* 58 Md. 368. That parol testimony might be thus admitted to show intention, and thus change the rule of the common law, was expressly decided in Indiana. *Frederick* v. *Deval,* 15 Ind. 357. And this is the rule wherever the nature of the property is such that it may be severed without great injury to the freehold. *Flynt* v. *Conrad,* Phil. Law (N. C.), 190.

In the case at bar the defendant did not purchase a freehold or any real estate; his purchase was of a chattel (the leasehold) and its appurtenances. The rejected evidence enlightened the question, what other chattels than the leasehold did he get under the deed? The term "appurtenances" added nothing to the force of the deed nor did it enlarge its scope. Without this term the appurtenances would pass, if not reserved. Our insistence is that when property is sought to be brought within the scope of general words in a writing not necessarily referring to it, the subject-matter of the contract may be ascertained by parol evidence. *Reed* v. *Insurance Co.,* 95 U. S. 23, 30, 31; *United States* v. *Peck,* 102 U. S. 64; *Mobile, etc.* v. *Jurey,* 111 U. S. 592. The same rule has been often declared here. *Mason* v. *Spalding,* 18 D. C. 115; *Whelan* v. *McCullough,* 4 App. D. C. 58; *Burke* v. *Claughton,* 6 App. D. C. 350.

2. The articles in suit were not so attached to the building as necessarily to pass with it, and prevent the effect of the oral agreement, if it existed. They were so far distinct from the structure that the defendant sold them separately from it, and they were removed by the purchaser. The shelves were fastened to the wall by iron holdfasts, but the desk and counters were nailed down only in such way as to steady them in their places, and there was testimony in rebuttal indicating that the counters were not nailed at all. All this testimony was withdrawn from the jury by the court, who held, in substance, that the articles having been in use in the building as fixtures, the language of the deed covered them, and it was inadmissible to show anything by

parol.   Many adjudged cases show this was error.   *Loan* v. *Gregg*, 55 Mo. App. 581; *Borland* v. *Hahn*, 35 N. Y. Sup. 131 ; 25 Minn. 173 ; *Varl* v. *Weaver*, 132 Pa. St. 363.

3. The written agreement of sale, of October 26, was a complete agreement, not a step in negotiation.   It was final and complete, and all that was necessary to vest title in the purchaser of this leasehold.   A formal deed was afterward delivered, but this was not essential.   The October paper closed the sale which thus is confined to the leasehold.   It was admissible as a contemporaneous writing, for "while the controversy is between the original parties or their representatives, all their contemporaneous writings relating to the same subject-matter are admissible in evidence."   1 Greenl. Ev. (7th Ed.), Sec. 283.

*Mr. Chapin Brown* and *Mr. Arthur H. O'Connor* for the appellee:

1. This question is to be determined by the rule as between vendor and vendee.   Whatever right the first or second tenant may have had to have removed their fixtures at or before the expiration of their tenancy would not affect the question in this case.   The goods are fixtures under every test, to wit, actual annexation to the building; adaptability to the use of the building; intent of the party who placed them there; the purpose for which they were placed there; the injury the removal would have been to the building for the purposes for which the building was used; and, finally, the total destruction of the things themselves by removal.   Tyler on Fixtures, 107 ; *Tabor* v. *Robinson*, 36 Barb. 483.   There may be constructive fixtures without actual annexation, which will pass with the land.   Tyler on Fixtures, 73 ; *Hill* v. *Bank*, 97 U. S. 450; *Bishop* v. *Bishop*, 11 N. Y. 123; *Snediker* v. *Waring*, 12 N. Y. 170; *McLaughlin* v. *Johnson*, 46 Ill. 163; *Boon* v. *Orr*, 4 G. Greene, 304; *Smith* v. *Carroll*, 4 G. Greene, 146; *Deal* v. *Palmer*, 72 N. C. 582.   Adaptability usually applied to things not annexed.

Tyler on Fixtures, Ch. 6, pp. 100, 104, 379; *Shaper* v. *Bibb*, 71 Md. 145. Everything affixed passes by the deed. Tyler on Fixtures, 44, 81; 2 Devlin on Deeds, Secs. 1192, 1193, 1197 and 1198; *Kirwin* v. *Latour*, 1 H. & J. 289; *Coombs* v. *Jordan*, 3 Bland, 284 (at 311); Tyler on Fixtures, 78, and cases cited.

2. As between vendor and vendee or grantor and grantee, all fixtures pass even though erected by the vendor or grantor for the purpose of trade or manufacture, unless they are reserved by the vendor or grantor. Tyler on Fixtures, 520 and 521; 3 Wait's A. & D. 385, 386; *Pope* v. *Girard*, 39 Ga. 471, 475; *Brown* v. *Willis*, 115 Mass. 156; *O'Brien* v. *Kentner*, 27 Mich. 289; *Guthrie* v. *Jones*, 108 Mass. 191; *Miller* v. *Plum*, 6 Cowen, 667; 2 Selwyn's N. P. 1369; Sugden on Vendors and Purchasers, 38; 8 Am. & Eng. Encyc. L. (Vendor and Vendee), 55, and authorities cited.

In Iowa fixtures were held to pass free from the lien of a recorded chattel mortgage; the court holding that the vendee of the real estate was not obliged to take notice of the record of personal property. Tyler on Fixtures, 528. For cases further illustrating the doctrine, that upon a sale fixtures will pass, as between vendor and vendee, or grantor and grantee, in the absence of any expressed provision to the contrary in the conveyance, see Tyler on Fixtures, 533.

3. Whatever effect may be given to the intent of a party in placing the fixtures in a building or otherwise upon the land, the intent of a vendor as to whether the articles pass by a conveyance of the property is never looked for outside of the conveyance itself. When fixtures are specifically mentioned and described in the conveyance, it may sometimes become a question to be determined by parol evidence what things were meant by the terms used in the conveyance. But where the fixtures are not mentioned there is no exception to the rule that parol evidence is inadmissible to determine what fixtures pass. They all pass

to the vendee, and it is a question of law for the court as to whether they are fixtures or not. Even a positive and distinct understanding and agreement between the vendor and vendee that they shall not pass to the vendee can not be proved by parol testimony. *Wintermire* v. *Light*, 46 Barb. 278; *Noble* v. *Bosworth*, 19 Pick. 314; *Connor* v. *Coffin*, 22 N. H. 538; *Austin* v. *Sawyer*, 9 Cowen, 40; *Smith* v. *Price*, 39 Ill. 28; *Bond* v. *Coke*, 71 N. C. 97; *Aldrich* v. *Husband*, 131 Mass. 480; *Ripley* v. *Paige*, 12 Vt. 353; *McLaughlin* v. *Johnson*, 46 Ill. 167; *McKeage* v. *Ins. Co.*, 81 N. Y. 38; 2 Devlin on Deeds, 1204 and 1042.

When the property can not be removed without practically destroying it, an agreement can not make it personal property. Tyler on Fixtures, 129; *Ford* v. *Cobb*, 20 N. Y. 344; *Fortman* v. *Goepper*, 14 Ohio St. 558; *Frederick* v. *Deval*, 15 Ind. 357; *Robertson* v. *Corsett*, 39 Mich. 783; *Hubbell* v. *Bank*, 132 Mass. 448; *Walker* v. *Schindel*, 58 Md. 369.

Even if these fixtures were such that they could by agreement be made to remain personal property and Towson had, prior to the conveyance to Smith, made such an agreement with a third party and had sold him, this third party, the fixtures, and even if it should be held then that the third party could claim them against Smith, yet if Towson had conveyed to Smith his term of years and had warranted his title, this warranty would have extended to the whole premises, including the fixtures, and Smith could have recovered on the warranty. Tyler on Fixtures, 131, 132.

There is no more reason for relaxing the rule in favor of a vendor of an estate for years than a vendor of a freehold estate and there are the same reasons against it. This was recognized in the case of *Austin* v. *Sawyer*, 9 Cowen, 40, where the vendor merely had a right of occupancy and only gave a quit claim. Yet it was there held, not only that certain fixtures passed, but that he could not set up a parol argreement between himself and his vendee that they should not pass.

Mr. Chief Justice ALVEY delivered the opinion of the Court:

There are two questions presented : First, whether the articles claimed by the plaintiff and alleged to have been converted by the defendant as chattels, were or were not fixtures to the realty at the date of the deed of assignment of the leasehold estate of November 3, 1893 ? And, second, if they were fixtures at that time, whether they were not conveyed by the deed of assignment as part of the realty, beyond the control or operative effect of any mere parol agreement or understanding of the parties to that deed ?

1. The question as to what will constitute a fixture, and thus become a part of the realty, though originally a mere chattel, is often a question difficult to decide, and especially in view of the great diversity of decisions upon the subject. All well considered cases, however, agree that there are certain conditions that must be shown to exist, in order to constitute a fixture that will pass by a conveyance of the realty, as against the party making the conveyance ; that, in cases as between vendor and vendee, or assignor and assignee of leasehold, it must appear, (1), that there is an actual annexation, according to the nature and use of the article, in its annexed position ; (2), that the article was adapted to the use for which it was annexed ; and, (3), that the article was fixed or erected with the intention that it should be a permanent accession to the realty. These essential constituents show that the question as to what is a fixture is a mixed question of law and fact. The intention of the owner at the time in attaching the chattel article to the realty must be considered, and if it appears that he attached the property with a view that it should remain in the position where placed permanently, it must be treated as part of the realty, and will pass as part of the realty in any subsequent conveyance or assignment of the owner's interest therein. This intention must be inferred, to a large extent,

from the nature of the article affixed, the general use and relation of the article to the building or principal structure, the mode of annexation, and the general purpose for which the annexation was made by the party authorized to control the relation of the realty and personalty. If the owner of the realty, as a general principle, provides anything of a permanent nature fitted for the purpose, and applies it to use upon the premises, by annexing the same, it becomes a part of the realty, and passes to the purchaser, though it might be removed without injury to the premises. 1 Washb. R. Pro. (3d Ed.), 15; 2 Sm. L. Cas. (5th Ed.), 252. It has been decided, and the decision would appear to have been approved in subsequent decisions, and by text writers of high authority, that shelves, drawers, and counter tables fitted in a store pass with the storeroom as part of the realty. *Tabor* v. *Robinson*, 36 Barb. 463; 1 Washb. R. Pro., Bk. 1, Sec. 26; Tyler on Fixtures, 520, 521 to 531; *Brown* v. *Willis*, 115 Mass. 156. There would seem to be no room for doubt in this case as to the intention with which the articles were affixed to the building, and the use to which they had been applied from the commencement. The room had been used as a dry goods storeroom for a long series of years, and there was but the one object in placing the fittings in the room, and that was to complete and adapt the room to the business of a retail dry goods store. The annexation of the articles would seem, according to the evidence set out in the bill of exception, to have been of more than ordinary permanence in such fittings; and there is nothing shown in the evidence to indicate any design of a mere temporary use, or an intention to sever the articles from the building, so long as it remained a storeroom. The articles claimed by the plaintiff come within the full and exact definition of fixtures; and there was no severance of, or attempt to sever, those articles from the building before the agreement for sale of October 26, or the deed of assignment of the term of November 3, 1893.

2. It is a settled principle, that where chattels are so far annexed to the realty as to acquire the character of fixtures, they become incident to the realty, and conform to the laws by which the realty is governed. And, under ordinary circumstances, fixtures can not be deprived of their character of real estate, and reinvested with that of the chattels, without actual severance, either by the owner of the realty himself, or with his assent, or by his authority. A sale by him without severance, may, it is said, be binding as an executory agreement between the parties, but it will be invalid as against a third person. *Rice* v. *Adams*, 4 Harrington, 332. And it would seem to be settled beyond controversy, that an agreement for the sale of fixtures, while forming a part of the realty, is within the provision of the statute of frauds, and can not be excepted by parol from the operation of a deed absolute on its face. *Noble* v. *Bosworth*, 19 Pick. 314; *Austin* v. *Sawyer*, 9 Cow. 39, 41; *Bond* v. *Coke*, 71 N. Car. 97; *Aldrich* v. *Husband*, 131 Mass. 480; *Connor* v. *Coffin*, 22 N. H. 538; *Smith* v. *Price*, 39 Ill. 28; Tyler on Fixtures, 531 to 540.

The deed of the 3d of November, 1893, from the plaintiff to the defendant, for the leasehold premises, conveys and assigns to the latter all the premises, "and every part and parcel thereof, with the appurtenances, and also all the estate, right, title, interest, etc., in and to the same," without any exception or reservation whatever, in respect to the fixtures in the storeroom, or the articles claimed to have been converted by the defendant.

The parties to this deed bear the relation of vendor and vendee, or assignor and assignee, of the leasehold estate, and the articles alleged to have been converted by the defendant, being at the date of the deed affixed to the building and forming a part of the realty, the deed embraced and conveyed the fixtures as effectually as any other part of the premises. This principle is laid down in many well-considered cases, as in the case of *Noble* v. *Bosworth*, *supra*, and

parol evidence is not admissible to establish an exception or reservation of the fixtures from the operation of the deed, the deed itself being silent upon the subject.

In the case of *Bond* v. *Coke,* 71 N. Car. 97, the principle is clearly stated by the court thus :

"The deed, in this case, containing no exception of the gin and press, the legal effect of it is to pass them to the defendant, and no parol evidence to the contrary is admissible. The exception of them at the sale (as then alleged) being an agreement touching the sale of an interest in land, the statute of frauds requires it to be in writing. And even if the agreement reserving the gin and press had been in writing, it could only be set up by a bill in equity to reform the deed, on the ground of accident or mistake in the draughtsman." And further on it is said : "Personal chattels which have become fixtures are incorporated in and are a part of the land, as much so as a house or tree, until an actual severance; and therefore a deed conveying the land, without excepting therein the fixtures, has the legal effect of passing the gin and press, which are part and parcel of the land." ·

The same principle is fully laid down and applied in the subsequent case of *Horne* v. *Smith,* 105 N. Car. 322.

The cases upon this subject are fully collected and classified, and the results of them stated, by the American editors, in their note to the leading case of *Elwes* v. *Mawe,* 2 Sm. L. Cas. 99—the note commencing at page 215 (4th Am. Ed.).

But apart from the application of the statute of frauds, and the operation of the deed of November 3, 1893, the evidence offered by the plaintiff to show an agreement or understanding in respect to the articles alleged to have been converted by the defendant, would seem, as set out in the bill of exception, to have been wholly insufficient upon which to found a contract, or an agreement of any sort, to except the fixtures from the operation of the sale and conveyance of the leasehold premises. That the plaintiff had, prior to the

signing of the contract of sale of October 26, 1893, and also immediately after the execution of the deed of November 3, 1893, offered to sell to the defendant the fixtures in the store building, and that the defendant *had refused to purchase the same*, could hardly give rise, even by the most strained implication, to the inference of an agreement between the parties.

Upon the whole, we think the court was clearly right, upon the evidence before it, in directing a verdict for the defendant.

*The judgment is affirmed.*