*COMMERCIAL TRIBUNE BLDG. CO. v. RAPID ELECTROTYPE CO.

MOVABLE PARTITION ERECTED BY LESSEE OF THIRD FLOOR OF A BUILDING NOT A FIXTURE.

A partition, consisting of glass in the upper part and wood in the lower, fitted into a groove of a cleat nailed to the floor and without other fastenings than being wedged at the top and sides, capable of being easily removed without injury to the building, constructed by lessee across the third floor of a building for subletting a part thereof, cannot be regarded as a permanent accession to the freehold.

APPEAL from Hamilton common pleas court.

**Mallon & Vordenberg,** for plaintiff:

The partition is a fixture and part of the building. *Teaff* v. *Hewitt*, 1 Ohio St. 511 [59 Am. Dec. 634]; *McRea* v. *Bank*, 66 N. Y. 489; Kent's Commentaries 343; Taylor, Land. & Ten. Secs. 544, 547; Murfree,

---

*Affirmed, no op., *Commercial Tribune Bldg. Co.* v. *Electrotype Co.* 81 O. S. 521.

Hamilton County.

Sheriffs Chap. 16; Gwynne, Sheriffs 247, 249; *Gray* v. *Oyler,* 2 Bush. (Ky.) 256; *Brennan* v. *Whitaker,* 15 Ohio St. 446; *Columbia Ins. Co.* v. *Kneisley,* 9 Dec. Re. 432 (13 Bull. 437); *Fortman* v. *Goepper,* 14 Ohio St. 558; *Burkhardt* v. *Hopple,* 6 Dec. 127 (5 N. P. 388); *Paine* v. *Coffin,* 4 Dec. Re. 351 (2 Clev. L. Rep. 1).

The tenant lost the right to remove partition by its failure to reserve it under a new management. Wigmore, Evidence Sec. 1071; *Cook* v. *Scheid.* 6 Dec. Re. 867 (8 Am. L. Rec. 493).

Johnson & Levy, for defendant.

GIFFEN, J.

The defendant, as lessee of the third floor of a building belonging to the plaintiff, constructed a partition across the same, for the purpose of subletting a part thereof, the upper part being of glass and the lower part being of wood fitting into the groove of a cleat which was nailed to the floor. At the edges and at the top it was wedged but not otherwise fastened to the walls or the ceiling, and could easily be removed without doing any substantial injury to the building.

*Held:* The nature of the article affixed, the relation of landlord and tenant, the structure and mode of annexation, and the purpose or use for subletting a portion of the floor space, show no intention to make the partition a permanent accession to the freehold. *Teaff* v. *Hewitt,* 1 Ohio St. 511 [59 Am. Dec. 634]; *Brown* v. *Wallis,* 115 Mass. 156.

Injunction dissolved and petition dismissed.

Swing and Smith, JJ., concur.