**L. P. STEUART & BRO., Inc., v. CAPITAL VIEW REALTY CO., Inc.**

No. 7455.

United States Court of Appeals for the

District of Columbia.

Argued April 11, 1940.

Decided May 13, 1940.

Abc M. Goldstein and Levi H. David, both of Washington, D. C., for appellant.

Herman Miller, of Washington, D. C., for appellee.

Before GRONER, Chief Justice, and EDGERTON and VINSON, Associate Justices.

PER CURIAM.

Appellant brought this action of trover to recover from appellee the value of an oil burner claimed to have been converted by appellee in April, 1937. The facts are these: In April, 1936, Lawson Harrell, an infant, purchased from appellee the premises known as 4924 Central Avenue, N. E., Washington City, subject to two deeds of trust, and moved in with his family. In September following, while still an infant, he obtained from appellant, on conditional sales contract, an oil burner which he installed in the purchased premises. The burner was connected by pipes with an oil tank, which was in turn fastened by screws

to the concrete floor. The whole apparatus could be removed without damage to the building. The contract was not recorded, perhaps because Harrell paid the price, in full, within a month. In April, 1937, he failed to pay installments due under the deeds of trust, and upon foreclosure appellee repurchased and took possession of the property, including the oil burner. Appellee sold the property to a third person in August, 1937. In November following, shortly after becoming of age, Harrell notified appellant of his disaffirmance of the burner contract and demanded return of the purchase money. Upon refusal, he obtained judgment, which appellant satisfied.

The trial court entered judgment for appellee.

The single question is whether appellant has shown legal title in itself and right to possession of the burner as of the time of the alleged conversion.

■ First. We are of opinion that, when Harrell purchased the oil burner and annexed it to the realty with the intention that it should become a permanent part thereof, it became thereby an appurtenance to the property and acquired the character of a fixture, even though it might have been removed without injury to the premises. Evans v. Ockershausen, 69 App.D.C. 285, 297, 100 F.2d 695, 707; Towson v. Smith, 13 App.D.C. 48, 56. In the latter case we recognized the difficulty of deciding what constitutes a fixture, but we said that by the greater weight of authority three conditions must exist in order that it pass by conveyance of the realty: (1) actual annexation, according to the nature and use of the article; (2) its adaptation to the use for which it was annexed; and (3) the intention that it should be a permanent accession to the realty.

In the Evans case we said of refrigerators purchased for use in an apartment building that, if they were installed with the intent that they should become a permanent part of the building, they became fixtures and a part of the real estate. There is everything in this case to show—including the finding of the trial judge—that at the time of the purchase of the burner by Harrell he intended it to become a permanent, as it was a necessary, part of his home. There is nothing to the contrary.

■ Second. Unless, therefore, the subsequent disaffirmance by the infant has such a retroactive effect as to give to appellant title to the furnace as of the time when appellee took possession, it follows that, in the circumstances, his title passed to appellee upon foreclosure of the mortgage. For the general rule is that a chattel owned by the mortgagor of real estate, and which after the execution of the mortgage he annexes to the realty, becomes subject to the mortgage even though not mentioned therein. See cases cited in 41 A.L.R. 601; 88 A.L.R. 1114; 99 A.L.R. 144. The rule, of course, would not apply here if appellant could properly claim under the conditional sales contract for an unpaid balance of the purchase price. Holt v. Henley, 232 U.S. 637, 34 S.Ct. 459, 58 L.Ed. 767; Mott Iron Works v. Middle States Co., 17 App. D.C. 584; Palm v. Bachrach, 55 App.D.C. 302, 5 F.2d 125. But, as we have already indicated, though appellant originally reserved title to the burner, it almost immediately thereafter received the entire purchase price in cash, with the result that any lien it may originally have had was dissolved, and title passed absolutely to the infant subject to his right of disaffirmance. But the contract between appellant and Harrell was not void but voidable. MacGreal v. Taylor, 167 U.S. 688, 17 S.Ct. 961, 42 L.Ed. 326. Until avoided, Harrell had capacity to pass title. He had not disaffirmed at the time of foreclosure. In such a case, the buyer, at foreclosure, acquired good title, for the subsequent rescission did not make the original transfer of title void ab initio. Until the disaffirmance by Harrell, the authorized acts of the parties were not wrongful. The disaffirmance is retroactive only to the extent that, when it is accomplished, parties who thereafter intermeddle in the infant's property are guilty of conversion. Casey v. Kastel, 237 N.Y. 305, 142 N.E. 671, 31 A.L.R. 995.

Third. We, therefore, hold that the lower court was correct in deciding that at the time of the alleged conversion appellant was not the owner of the burner and had neither title nor right of possession. United States v. Loughrey, 172 U.S. 206, 19 S.Ct. 153, 43 L.Ed. 420.

■ This leaves us only to notice appellant's argument that the second mortgage deed was invalid and the foreclosure sale void. But of this there is nothing in the pleadings and therefore nothing that we can pass upon.

Affirmed.