**Steven P. WYNER, Appellant,**

v.

**DISTRICT OF COLUMBIA, Appellee.**

**No. 79–559.**

District of Columbia Court of Appeals.

Argued Jan. 8, 1980.

Decided Feb. 15, 1980.

Robert J. Englehart, Washington, D. C., for appellant.

Robert J. Harlan, Jr., Asst. Corp. Counsel, Washington, D. C., with whom Judith W. Rogers, Corp. Counsel, Richard W. Barton, Deputy Corp. Counsel, James E. Lemert, Acting Deputy Corp. Counsel, and Richard J. Aguglia, Asst. Corp. Counsel, Washington, D. C., were on the brief, for appellee.

Before NEWMAN, Chief Judge, and NEBEKER and FERREN, Associate Judges.

NEBEKER, Associate Judge:

█ This case involves a dispute as to the 1979 assessed value of certain realty and improvements thereon. The taxpayer, Steven Wyner, timely appealed this assessment by bringing suit against the District of Columbia in Superior Court as authorized under D.C.Code 1973, § 47–2403. The trial court granted the District's motion for summary judgment and denied the taxpayer's cross-motion. The taxpayer appeals the trial court decision. D.C.Code 1973, § 47–2404. We affirm the ruling that the taxpayer is ineligible for the homestead exemption because of his failure to timely apply for its benefits. *See* D.C.Code 1979 Supp., § 47–659.1(b). We conclude, however, that the trial court erred in granting

summary judgment upholding the assessed value of the property and the taxpayer's non-eligibility for the residential tax rate when there were genuine issues of material facts. The case is affirmed in part and reversed in part and remanded.

A previous owner of the realty in question applied for permits to make some repairs and improvements to a single family structure. Subsequently, the taxpayer bought the property. As the property was reassessed at a substantial increase from its previously assessed value, it appears that the taxing authority inferred from the issuance of the construction permit for the improvements that the work was, in fact, completed. See D.C.Code 1973, § 47–710.

The taxpayer learned of this increased assessment in September 1978, when he received the tax bill for fiscal year 1979. He wrote the District challenging the assessment for failure of notice to him, the record property owner, of the increased assessment. Additionally, he asserted his eligibility for the residential tax rate and homestead exemption. The District asserts that the taxpayer's letter was treated as an appeal of the assessment to the Board of Equalization and Review. On November 3, 1978, the taxpayer received notice of the Board's affirmance of the assessed value.

█ D.C.Code 1973, § 47–2403 provides that the Superior Court "shall hear and determine all questions arising on appeal and shall make separate findings of fact and conclusions of law, and shall render [a] decision in writing. The court may affirm, cancel, reduce or increase the assessment." Such a proceeding is a trial de novo necessitating competent evidence to prove the matters in issue. See District of Columbia v. Burlington Apartment House Co., D.C. App., 375 A.2d 1052 (1977) (en banc). The burden of proof is on the petitioner. See Super.Ct.Tax.R. 11(d). Super.Ct.Civ.R. 56

(Summary Judgment) is applicable to tax proceedings. Super.Ct.Tax.R. 3(a).

In the Superior Court action, the District contended that the taxpayer's residence is a multi-family unit and consequently is subject to the taxing provisions applicable to such structures. It argued that the realty was converted into a multi-family unit by improvements and repairs made on it. As proof of these improvements, the District attached as an exhibit D.C. Treasurer's coupons showing a tax paid by the previous property owner for construction permits. The District's only additional exhibits were the taxpayer's real estate deed for the property, the 1979 assessment, and a copy of a notice concerning the homestead exemption application provisions. The taxpayer, by an affidavit, swore that he was the owner of the property and that it was a single family dwelling.

█ At oral argument, the District conceded that no record evidentiary support exists for the assertion that the subject structure was remodeled pursuant to the permits other than the inference from tax coupons for the construction permits. In view of the taxpayer's affidavit alleging that the structure is a single family residence, we hold that a material factual dispute exists as to this issue. Thus, summary judgment was not appropriate on this record. See Super.Ct.Civ.R. 56(e); Reynolds v. Needle, 77 U.S.App.D.C. 53, 132 F.2d 161 (1942).*

*Affirmed in part and reversed and remanded in part for further proceedings.*

---

* Having resolved this case on the appropriateness of the granting of summary judgment to the District, we do not reach the merits of the petitioner's allegations regarding eligibility for the residential tax rate exemption. The residential tax rate depends on the outcome of the disputed fact. As to the homestead exception, we conclude that the trial court did not err in denying the relief requested since the appellant had failed, after notice of the increased assessment, to seek the exemption or request a reasonable extension of time to file the necessary affidavit. See D.C.Code 1979 Supp., § 47–659.-1(b).