**Matthew E. DONAHUE, Appellant,**

v.

**DISTRICT OF COLUMBIA, Appellee.**

**No. 80–1137.**

District of Columbia Court of Appeals.

Submitted Nov. 17, 1981.

Decided Sept. 27, 1982.

Matthew E. Donahue, pro se.

Judith W. Rogers, Corp. Counsel, Washington, D.C., with whom Charles L. Reischel, Deputy Corp. Counsel, Robert J. Harlan, Jr., James E. Lemert and Richard L. Aguglia, Asst. Corp. Counsel, Washington, D.C., were on the brief for appellee.

Before MACK and FERREN, Associate Judges, and PAIR, Associate Judge, Retired.

PAIR, Associate Judge, Retired:

■ Appellant challenges the order of the Tax Division of the Superior Court entered August 27, 1980, denying his petition for refund of personal property tax paid in tax years 1975, 1976 and 1977. The gravamen of appellant's challenge is that certain items in his restaurant bar constitute realty, *i.e.,* fixtures, and were erroneously assessed as personal property subject to District of Columbia personal property tax.[1] We affirm.

During the tax years in question, appellant-taxpayer (hereinafter taxpayer) owned and leased real property in northwest Washington, D.C. which was operated as a restaurant bar known as E. J. O'Riley's. Prior to the commencement of the lease, the taxpayer installed certain equipment in the bar consisting of two bars, two bar sinks, draft beer system, back bar, booth dividers, dishwasher and drains, garbage disposal, stainless steel shelves, stainless steel sinks, pot rack, deep fryer, grill and range, hood and exhaust system, and carpet over a wood floor. The District of Columbia assessed all the items in question for taxation as personal property and the taxpayer appealed to the Department of Finance and Revenue claiming that the items were realty, *i.e.,* fixtures. The appeal was denied. After paying the disputed tax assessments, the taxpayer timely filed petitions in the Tax Division of the Superior Court for refunds. The petitions were denied and this appeal followed.

■ Because the tax statutes offer no test for distinguishing between realty and personalty,[2] we first turn to the common law of property conveyances for guidance. In this jurisdiction, when determining whether an article is a fixture and, therefore, is included in a conveyance of real estate, the court may consider three factors:

1) actual annexation, according to the nature and use of the article,

2) its adaptation to the use for which it was annexed, and

3) the intention that it should be a permanent accession to the realty.

*See L. P. Steuart & Bro., Inc. v. Capital View Realty Co.,* 72 App.D.C. 193, 112 F.2d 583 (1940); *Towson v. Smith,* 13 App.D.C. 48 (1898). Even though the court in both *Steuart* and *Towson* recited the three part test, in each case the court relied almost exclusively on the third, *i.e.,* the intention factor. In *Steuart, supra,* the court held the owner's intention that an oil burner be a permanent part of the property was the critical determinant in ascertaining that it was fixture, even though it could have been removed without injury to the premises. In *Towson, supra,* counters and shelves in a dry goods store that was being leased were deemed to be fixtures. The court noted:

> The intention of the owner at the time in attaching the chattel article to the realty must be considered, and if it appears that he attached the property with a view that

1. Appellant also contends that the District of Columbia had no rational basis for its assessed value of the items in question. We disagree. The applicable statute, D.C.Code 1981, § 47–1507, requires that all "tangible personal property [be] assessed at a fair cash value . . . ." The record reveals that the property was evaluated under this standard. Further, appellant's argument fails, *a fortiori,* because the burden of proof in tax assessment matters is appellant's and he made no effort to prove the value of any of the disputed items. Super.Ct.Tax R. 11(d); *Wyner v. District of Columbia,* D.C.App., 411 A.2d 59 (1980).

2. D.C.Code 1981, § 47–501, tax on real and personal property, provides in part:

> For the purpose of defraying such expenses of the District of Columbia as Congress may from time to time appropriate for, there hereby is levied for each and every fiscal year, a tax at such rate on the real and personal property subject to taxation in the District as will, when added to the other taxes and revenues of the District, produce money enough to enable the District to pay promptly and in full all sums directed by Congress to be paid by the District, and for which appropriation has been duly made; and the Council of the District of Columbia hereby is empowered and directed to ascertain, determine, and fix, annually for real property, and at such times as it may deem necessary for personal property, such rate of taxation as will, when applied as aforesaid, produce the money needed to defray the share of the expenses of the District during the year for which the rate is fixed.

it should remain in the position where placed permanently, it must be treated as part of the realty, and will pass as part of the realty in any subsequent conveyance or assignment of the owner's interest therein .... [I]t becomes a part of the realty and passes to the purchasers, though it might be removed without injury to the premises. [*Id.* at 56–57.]

Placing major focus on the intention of the owner at the time of attachment, while appropriate in a conveyance case, may be inappropriate in the tax context. The nature of fixtures and personalty must be defined "in situations where the relationships between the public differ, or where considerations of public policy point in different directions, *e.g.,* eminent domain, taxation, vendor-vendee, and mortgagor-mortgagee." *Masheter v. Boehm,* 37 Ohio St.2d 68, 72, 307 N.E.2d 533, 537 (1974).

In two cases in this jurisdiction involving federal condemnation proceedings, the first factor, physical annexation, was determined to be critical. *Potomac Electric Power Co. v. United States,* 66 App.D.C. 77, 85 F.2d 243, *cert. denied,* 299 U.S. 565, 57 S.Ct. 27, 81 L.Ed. 416 (1936); *Futrovsky v. United States,* 62 App.D.C. 235, 66 F.2d 215 (1933). In *Potomac Electric Power Co., supra* 66 App.D.C. at 82, 85 F.2d 243, citing *Futrovsky,* the court stated:

The rule applicable to so-called fixtures in buildings taken in federal condemnation is that, if they can be removed without substantial injury either to the real estate or to the fixtures, they remain personalty and need not be taken as part of the realty.

Focus on the nature of annexation and use is appropriate in determining what constitutes a fixture in regard to assessing taxes. The state of Ohio, in tax cases, has almost exclusively emphasized the adaptation to the use for which property was annexed, stating that "the basic rationale of the cases is to the effect that the primary distinction between a fixture (real property) and a chattel (personal property) is whether the property is devoted primarily to the business conducted on the premises or whether it is devoted primarily to the use of the land upon which the business is conducted." *Wheeling-Pittsburgh Steel Corp. v. Jefferson County Board of Revision,* 27 Ohio St.2d 45, 46, 271 N.E.2d 861, 862 (1971). *See Roseville Pottery Co. v. County Board of Revision,* 149 Ohio St. 89, 77 N.E.2d 608 (1948); *Zangerle v. Standard Oil Co.,* 144 Ohio St. 506, 60 N.E.2d 52 (1945). The Ohio cases were discussed in Holden, *Classification of Property as Real or Personal for Ohio Property Taxes: An Appraisal,* 11 Ohio St.L.J. 153 (1950), where it was noted that:

A careful study of these cases indicates that the court realized that for the purposes of taxation it was faced with a different problem than the determination of the rights of private parties in or to property. In taxation matters, it was essential that there be enunciated a rule or principle which could be objectively applied to produce a uniform result with as little attention to collateral facts as possible. If the intention of private parties were to be accepted as the principle test for taxation, it would obviously open the door to evasion and discriminatory treatment within the classes intended to be uniformly benefited.... [T]he classification of the property for taxation could not depend upon the intention of the taxpayer without introducing utter confusion into the tax structure and its administration.... [I]t becomes clear why the court placed emphasis upon the appropriation test, subordinating matters of affixation, ready removability or intention of the party making the affixation. [*Id.* at 163–64.]

In the tax context, the District of Columbia has consistently classified equipment and items like those involved herein as personal property. According to the testimony of the tax appraiser at the trial, property is determined to be personal when it is necessary to the operation of the user's business. Thus, the District of Columbia has been using a two-pronged approach to determine whether an item is a fixture or personalty. The District has focused on physical annex-

ation and the business purpose, the first two prongs in the *L. P. Steuart & Bro., Inc., supra* test. As noted above, the third prong, intention, is particularly unsuited for taxation cases. Holden, *Classification of Property as Real or Personal, supra. Towson, supra,* and *Steuart, supra,* which emphasized the intention factor, dealt with real estate conveyances, and thus, are not inconsistent with this conclusion.

We find no reason to disturb the method of distinguishing personalty and fixtures that has been consistently used in the District of Columbia. The method provides rational criteria for determining what is a fixture. *See District of Columbia v. Catholic University,* D.C.App., 397 A.2d 915, 919 (1979) (defer to agency's interpretation of regulation if it "is reasonable and does not contravene the language or legislative history of the statute") (citation omitted).

Accordingly, the trial court's denial of appellant's petition for tax refunds is

*Affirmed.*