**DISTRICT OF COLUMBIA, Appellant,**

v.

**REAL PROPERTY KNOWN AS 313 M STREET, Appellee**

**(Maurice Jones and Shirley Jones, Respondents).**

**No. 92–CV–305.**

District of Columbia Court of Appeals.

Argued Sept. 30, 1993.

Decided Nov. 22, 1993.

---

utes extends to real property. Maurice Jones and his son Wayne Jones [1] were arrested and convicted of gambling violations [2] after a search warrant was executed on the premises at 313 M Street, N.W. and another location. The District brought a libel action under D.C.Code § 22–1505(c) (1989) seeking forfeiture of the real property at 313 M Street, N.W., as well as various items of personal property. The trial court dismissed with prejudice the District's action against the real property and ordered that the District relinquish possession and control of said realty.[3] We affirm.[4]

■ The language we are called upon to interpret is found in D.C.Code § 22–1505(c), which reads in pertinent part as follows:

> (c) All moneys, vehicles, furnishings, fixtures, equipment, stock (including without limitation, furnishings and fixtures adaptable to nongambling uses, and equipment and stock for printing, recording, computing, transporting, safekeeping, or communication), or *other things of value* used or to be used: (1) in carrying on or conducting any lottery, or the game or device commonly known as a policy lottery or policy, contrary to the provisions of § 22–1501; (2) in setting up or keeping any gaming table, bank, or device contrary to the provisions of § 22–1504; or (3) in maintaining any gambling premises; shall be subject to seizure....

D.C.Code § 22–1505(c) (1989) (emphasis added). We are mindful of the primary rule of statutory interpretation that the intent of the legislature is to be found in the language which it has used. *James Parreco & Son v. District of Columbia Rental Hous. Comm'n,* 567 A.2d 43, 40 (D.C.1989). We are further

Rosalyn Calbert Groce, Asst. Corp. Counsel, with whom John Payton, Corp. Counsel, and Charles L. Reischel, Deputy Corp. Counsel, were on the brief, for appellant.

Theodore Kligman, with whom Jeffrey H. Kaplan, was on the brief, for appellee.

Before FERREN, STEADMAN and FARRELL, Associate Judges.

STEADMAN, Associate Judge:

The issue in this case is whether the forfeiture provision of the criminal gambling stat-

1. Wayne Jones died in November 1991. The trial court granted appellee's motion to substitute Maurice and Shirley Jones, who were appointed personal representatives of Wayne's estate, as respondents and owners of the property which formerly belonged to Wayne Jones.

2. Specifically, we were informed at oral argument that the convictions were for violation of D.C.Code § 22–1502, a misdemeanor for possession of lottery or policy tickets that carries a maximum fine of $1000 and imprisonment of up to a year.

3. The jury returned a verdict that certain moneys and personal property had been used in violation of the gambling laws, and found in favor of the appellees with respect to the remaining personal property that the District sought to forfeit.

4. A cross-appeal (No. 93–CV–658) involving a dispute over the return of certain personal property seized by the District has been resolved by the District's agreement to relinquish the property in question. Accordingly, we dismiss the cross-appeal without prejudice as to costs.

guided here by case law establishing the principles for interpreting forfeiture statutes. Forfeitures are a recognized component of American law. *United States v. 92 Buena Vista Ave.*, 507 U.S. ——, ——–——, 113 S.Ct. 1126, 1131–34, 122 L.Ed.2d 469 (1993) (plurality opinion); *Calero–Toledo v. Pearson Yacht Leasing Co.*, 416 U.S. 663, 682–86, 94 S.Ct. 2080, 2091–93, 40 L.Ed.2d 452 (1974); *cf. Austin v. United States*, 509 U.S. ——, ——, 113 S.Ct. 2801, 2811, 125 L.Ed.2d 488 (1993) (citing legislative history that forfeiture of real property is a powerful deterrent used when traditional sanctions are inadequate against highly profitable drug crimes). However, forfeiture is penal in nature, *Beard v. Goodyear Tire & Rubber Co.*, 587 A.2d 195, 203 (D.C.1991), and may be a harsh remedy, *United States v. One 1957 Rockwell Aero Commander 680 Aircraft*, 671 F.2d 414, 417 (10th Cir.1982). Accordingly, courts apply forfeiture statutes with care, strictly construing their provisions. *Beard, supra*, 587 A.2d at 203 (authority to impose a forfeiture should be found only if "clearly articulated in the authorizing legislation or regulations"); *see Riggs Nat'l Bank v. District of Columbia*, 581 A.2d 1229, 1262 (D.C.1990) (applying rule of strict construction to statute imposing penalties); *United States v. One 1936 Model Ford V–8 De Luxe Coach*, 307 U.S. 219, 226, 59 S.Ct. 861, 865, 83 L.Ed. 1249 (1939) (for-

feitures "should be enforced only when within both letter and spirit of the law").[5]

 The District argues essentially that the inclusion of "other things of value" in the enumeration of property subject to forfeiture in § 22–1505(c) encompasses realty by its plain meaning.[6] However, statutory language should be viewed not in isolation but in the context of the larger statutory structure to interpret the legislature's intended use of the phrase at issue. *See Carpenter v. United States*, 475 A.2d 369, 373 (D.C.1984) (look to the statute as a whole to determine the effect of its words) (citing *Peoples Drug Stores v. District of Columbia*, 470 A.2d 751, 754 (D.C. 1983)).[7]

A key to understanding the intended sweep of subsection (c) of § 22–1505 may be found in the preceding two subsections, which read:

(a) Any house, building, vessel, shed, booth, shelter, vehicle, enclosure, room, lot or other premises in the District of Columbia, used or to be used in violating the provisions of § 22–1501 or 22–1504, shall be deemed "gambling premises" for the purpose of this section.

(b) It shall be unlawful for any person in the District of Columbia knowingly, as owner, lessee, agent, employee, operator, occupant, or otherwise, to maintain or aid

---

**5.** These general principles may appear at first blush to conflict with D.C.Code § 22–1507 (1989), which reads: "All games, devices, or contrivances at which money or any other thing shall be bet or wagered shall be deemed a gaming table within the meaning of §§ 22–1504 to – 1506; and the courts shall construe said sections liberally, so as to prevent the mischief intended to be guarded against." However, on examination of the legislative history of this portion of the District Code it becomes evident that no conflict exists.

When Congress originally codified the laws against gambling in 1901, § 22–1505 contained no forfeiture provision. Act of Mar. 3, 1901, ch. 854, § 866, 31 Stat. 1189, 1331 (1901). The liberal construction language of § 22–1507 was intended to prevent "the wily and scheming professional gambler" from defeating the legislature's prohibition of gaming by continually developing new games and devices which would fall outside the letter of the law if it were strictly construed. *Wade v. United States*, 33 App.D.C. 29, 33–34 (1909). When Congress added the

forfeiture provision to § 22–1505, § 22–1507 was not amended. District of Columbia Law Enforcement Act of 1953, Pub.L. No. 85, ch. 159, § 206, 67 Stat. 90, 95 (1953). Considering the original legislative intent and statutory structure, a liberal construction "to prevent mischief" should not be interpreted to expand the types of forfeitable items, but rather to broadly define prohibited games and devices.

**6.** Whether ordinary usage would refer to a parcel of real property as a "thing" might well be debated, as the trial court noted. The District points out that the phrase "things of value" has been defined as including property of three types: things real, things personal, and things mixed. BLACK'S LAW DICTIONARY 1479 (6th ed. 1990).

**7.** We find nothing in the legislative history that casts light upon the intent of the Congress. The House Report relied upon by the District seems to us to do no more than repeat the words of the statute itself. H.R.REP. No. 83–514, 83d Cong., 1st Sess. 6–7 (1953).

or permit the maintaining of any gambling premises.

Thus, real property (with the exceptions of "vessel" and "vehicle") is specifically utilized as the definition of "gambling premises." Plainly, had the legislature intended that "gambling premises" themselves should be the subject of forfeiture, the natural and obvious way to do so would have been to simply include the words "gambling premises" in the extensive itemization in subsection (c). The fact that Congress took the pains to itemize a series of various types of property of typically considerably less worth and failed to include the most essential and valuable component of the enterprise suggests strongly that it did not intend real property to be forfeited. *See Haney v. United·States*, 473 A.2d 393, 395 (D.C.1984) (when construing statutes, assume that Congress has acted rationally and logically) (citing *Berkley v. United States*, 370 A.2d 1331, 1332 (D.C. 1977)).

The inclusion of "fixtures" in the itemization of forfeitable property further suggests that realty was not intended to be included. If real property were forfeitable, the fixtures which are normally a legal component of the realty would in such cases be forfeited as · well. *See Donahue v. District of Columbia*, 451 A.2d 85, 86–87 (D.C.1982) (differentiating "fixtures" which are part of realty and included in the conveyance or taking of realty and "personalty" which is not). Following appellant's interpretation would make "fixtures" a somewhat redundant term. *See Nova Univ. v. Educational Inst. Licensure Comm'n*, 483 A.2d 1172, 1179–80 (D.C.1984) (courts should not insert words which render parts of the statute superfluous), *cert. denied*, 470 U.S. 1054, 105 S.Ct. 1759, 84 L.Ed.2d 822 (1985); *Connecticut Light and Power Co. v. Costle*, 179 Conn. 415, 426 A.2d 1324, 1327–28 (1980) (presume a purpose behind every phrase); *Gabin v. Skyline Cabana Club*, 54 N.J. 550, 258 A.2d 6, 9 (1969)

(give effect to every word and do not assume language used is meaningless). Moreover, if the legislature intended real property in general to be forfeitable, it would seem strange to itemize only a particular and relatively minor element of that form of property.

Finally, subsection (c) provides that "things of value" are forfeitable when they are "used or to be used ... in maintaining any gambling premises." Thus, it is not the "gambling premises" that are forfeited but things used in "maintaining" such premises. Were it a "gambling operation" or "gambling organization" that must be "maintained," an argument for forfeiture of the premises might be sustained. But it would be an uncommonly stilted use of language to intend a meaning such as, for example, "a house [thing of value] used to maintain a house [gambling premises]," nor would the house itself naturally be included if one were to list the things needed to "maintain" a house.

Such a disparate treatment of personalty and realty for forfeiture purposes presents no anomaly. The two forms of property historically have been considered distinct for many purposes. *See generally* 1 RICHARD R. POWELL, THE LAW OF REAL PROPERTY ¶ 98 (1990). For example, in the analogous area of abatement of houses of prostitution, our law provides for the sale of "all fixtures, furniture, musical instruments, or movable property used in conducting the nuisance," but simply the closing of the building in question for one year. D.C.Code § 22–2717 (1989). A further listing of property subject to forfeiture in such circumstances includes only personalty. D.C.Code § 22–2723 (1993 Supp.).[8] Where forfeiture of realty is intended, the legislature is quite capable of making that clear. See D.C.Code § 33–552(a)(8) (1993) (providing for forfeiture of realty used in committing a drug offense other than sim-

---

8. Indeed, without intending to rule definitely on the matter, it appears from a survey of some of our principal forfeiture statutes that they confine their application to various types of personal property. *See* D.C.Code § 25–129 (1991) (forfeiture for illegal sale and manufacture of alcohol); D.C.Code § 25–144 (1991) (forfeiture for alcohol tax violations); D.C.Code § 33–604 (1993) (for-

feiture for drug paraphernalia violations); D.C.Code § 47–2320 (1990) (forfeiture for fuel tax violations); D.C.Code § 47–2409 (1990) (forfeiture for cigarette tax violations). With the exception of the drug forfeiture statute, § 33–552(a)(8), the District has cited to us no District forfeiture statute whose language expressly or by interpretation applies to realty.

ple possession).[9]

*Affirmed.*

---

9. The District cites several federal and state forfeiture statutes which have been construed to encompass realty, but their differing language and statutory schemes make them unhelpful. Perhaps the closest case is *United States v. 8584 Old Brownville Road*, 736 F.2d 1129 (6th Cir. 1984). Interpreting a federal drug statute forfeiting "all proceeds," the court pointed to language forfeiting "[a]ll moneys, negotiable instruments, securities, or *other things of value*" furnished in exchange for drugs, 21 U.S.C.A. § 881(a)(6) (1978) (emphasis added), and found that the language "could hardly be more inclusive and certainly includes real property." *Id.* at 1131. However, the structure of the federal statute is quite different, for example, not including such elements as "gambling premises" and "fixtures." The legislative history was more extensive and indicative of an intention to include real property. *Id.* Furthermore, enough uncertainty appears to have existed on the point to impel the Congress to specifically include "[a]ll real property" when it enacted a 1984 amendment to expand forfeiture to cover property used to commit a violation, in addition to the proceeds of violations. 21 U.S.C.A. § 881(a)(7) (1993 Supp.).