**In re Thelma Gertrude WHITE, Debtor.**

**Thelma Gertrude WHITE, Plaintiff, Appellee,**

v.

**Albert J. GULESIAN, Sr., Defendant, Appellant.**

**Bankruptcy No. 82–9045.**

United States Bankruptcy Appellate Panel for the First Circuit.

Dec. 17, 1982.

Charles E. Gilbert, III, Bangor, Me., for defendant, appellant.

Norman S. Heitmann, Millinocket, Me., for plaintiff, appellee.

PER CURIAM:

Appellant argues that 11 U.S.C. § 522(f)(1)[1] should not be applied retroactively to allow the debtor/appellee to avoid a judicial lien, which impairs her exemption, placed on the debtor's property prior to the enactment of the Bankruptcy Act of 1978.[2]

In *United States v. Security Industrial Bank*, 456 U.S. 922, 102 S.Ct. 1965, 72 L.Ed.2d 437 (1982), the Supreme Court held that § 522(f)(2) was not intended to be applied retroactively. When a bankruptcy statute affects a property right, it should not be applied retroactively unless the legislature has so directed in unequivocal terms. *Id.* The Supreme Court found that the legislative history of the 1978 Act suggested that Congress did not intend that § 522(f) operate to destroy pre-enactment property rights. Although the *Security Industrial Bank* case concerned a non-possessory non-purchase money security interest, the same rationale would apply to a judicial lien perfected prior to the Act's enactment due to the absence of such Congressional intent.

The decision of the bankruptcy court is reversed.

---

1. 11 U.S.C. § 522

    (f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

    (1) a judicial lien;

2. The judicial lien was placed on the debtor's real estate on April 14, 1978. The Bankruptcy Act of 1978 was signed into law by the President on November 6, 1978.