**In re Carol NEGRI a/k/a Carol Collins and Carol Negro, Debtor.**

**Carol NEGRI a/k/a Carol Collins and Carol Negro, Plaintiff,**

v.

**STATE TAX COMMISSION, Franklin National Bank, now known as European-American Bank and Trust Company, the Jamaica Hospital, Valley Bank of New York, Thomas Balme, National Bank of North America, Marine Midland Bank of New York, Household Finance Corporation, First National City Bank, Sun Oil Company, Nassau Trust Company, Olin Corporation, House of Costumes, Ltd., P & F Industries, Inc. (Bilnor Division), and James Barr, Trustee, Defendants.**

**Bankruptcy No. 881–81915–20.**

**Adv. No. 882–0489–20.**

United States Bankruptcy Court, E.D. New York.

March 7, 1983.

Lupow, Grafstein & Frankfort by Fred Grafstein, Deer Park, N.Y., for debtor.

Halpern, Halpern & Axelrod by Christopher J. Badum, Mineola, N.Y., for Franklin National Bank (now known as European-American Bank and Trust Co.), National Bank of North America and Marine Midland of New York.

Holland & Zinker by Edward Zinker, Smithtown, N.Y., for trustee James Barr.

## MEMORANDUM AND ORDER

ROBERT JOHN HALL, Bankruptcy Judge.

The issue before the Court is the applicability of 11 U.S.C. § 522(f)(1) to a series of judicial liens perfected prior to the enactment of the Bankruptcy Code in light of *United States v. Security Industrial Bank,* —— U.S. ——, 103 S.Ct. 407, 74 L.Ed.2d 235 (1982). The Court concludes that the section is unavailable to the debtor.

Carol Negri (the debtor) filed a voluntary petition under Chapter 7 of the Bankruptcy

Code. 11 U.S.C. § 701 *et seq.* (Supp. IV 1980) on June 3, 1981. During the pendency of the proceedings, the mortgagee of the debtor's real property was allowed to foreclose. The foreclosure sale resulted in a surplus of approximately $18,000 which was turned over to and is being held by James Barr, the debtor's chapter 7 Trustee. Thereafter, by a complaint filed on July 14, 1982, the debtor prayed for a judgment declaring that she is entitled to $7,900 of the proceeds by virtue of 11 U.S.C. § 522(f)(1). While most of the defendants defaulted in answering, Franklin National Bank (now known as European-American Bank and Trust Company), National Bank of North America and Marine Midland Bank New York (the Banks) answered and set up as a defense their judgment liens obtained prior to the enactment of the Code which allegedly totalled over $18,000.[1] The debtor, Trustee and Banks agreed to submit the question of section 522(f)(1)'s efficacy vis-a-vis the Bank's pre-Code judgment liens to the Court. In the interim, *Security Industrial Bank* intervened.

 *Security Industrial* stands for the proposition that, in the absence of an explicit command to the contrary, Congress will be presumed to have intended to give prospective application only to statutes, particularly bankruptcy statutes, affecting property rights. —— U.S. ——, 103 S.Ct. at 413–14 (citing *Holt v. Henley,* 232 U.S. 637, 34 S.Ct. 459, 58 L.Ed. 767 (1914)). Neither 522(f)(1) nor its legislative history, contain any such explicit command. Consequently, the determinative question would appear to be whether judicial liens are "property rights" within the meaning of *Security Industrial.*

*Security Industrial* relied on *Armstrong v. United States,* 364 U.S. 40, 80 S.Ct. 1563, 4 L.Ed.2d 1554 (1960) for the proposition that a mechanic's lien is a right protected by the Fifth Amendment. In *Armstrong* a materialman's lien was rendered unenforceable by conduct of the United States. The Supreme Court held the lienor entitled to compensation saying:

There is no allegation that any of the petitioners had taken steps to attach the uncompleted work. *Nevertheless, they were entitled to resort to the specific property for the satisfaction of their claims.* That such a right is compensable by virtue of the Fifth Amendment was decided in *Louisville Joint Stock Land Bank v. Radford* [295 U.S. 555, 55 S.Ct. 854, 79 L.Ed. 1593 (1935)] ....

364 U.S. at 44, 80 S.Ct. at 1566 (emphasis added).

Judgment liens, in a similar fashion, entitle the lien holder to force a sale of the property subject to the lien and obtain payment of the debt in priority over other creditors. *See, e.g.,* N.Y.C.P.L.R. §§ 5203(a), 5206(e), 5236 (McKinney 1978). *See generally* 46 Am.Jur.2d *Judgments* §§ 239, 243 (1969). Moreover, although the cases generally say that a judgment lienor holds no estate or proprietary interest in the property to which the lien has attached, *see, e.g., Watson v. New York Central Railroad,* 47 N.Y. 157 (1872); *Musa v. Segelke & Kohlhaus Co.,* 224 Wis. 432, 272 N.W. 657 (1937); *but cf. Price v. Price,* 122 W.Va. 122, 7 S.E.2d 510 (1940) (perfected judgment lien cannot be impaired by legislature), the same has been said of mechanic liens, *see, e.g., Alberti v. Moore,* 20 Okl. 78, 93 P. 543 (1908). *See generally* 53 Am. Jur.2d *Mechanics' Liens* § 3 (1970).

Therefore, inasmuch as the Supreme Court has held that a mechanic lienor's rights are property under the Fifth Amendment—state law real property classifications notwithstanding—so too must be the judgment lienor's rights. Consequently, the retroactive abrogation of these rights would raise the identical constitutional issues that *Security Industrial* has decreed Congress could not have intended it its silence. Rather, Congress must have intended prospective application only.

The only decision the Court has discovered since *Security Industrial* has come to the

---

1. The Banks also cross-moved to dismiss the complaint and for leave to commence a surplus money proceeding, *see* N.Y.R.P.A.P.L § 1361 (McKinney 1979), in the New York courts.

same conclusion. *White v. Gulesian (In re White)*, 25 B.R. 339, 9 B.C.D. 1320 (Bkrtcy. App. 1st Cir.1982) (per curiam).[2]

### Conclusion

Section 522(f)(1) is unavailable to the debtor vis-a-vis the Banks' judgment liens. Consequently, the Banks' cross-motion is granted to the extent that the debtor's complaint is dismissed with prejudice vis-a-vis the Banks' judgment liens, and the Banks are granted leave to commence a surplus money proceeding but in this Court. As to the defaulting defendants, the Court cannot rule without an inquest which would probably be a waste of time. Consequently, the complaint is dismissed without prejudice to its renewal in the surplus money proceeding.

So Ordered.

**2.** It should also be noted that the Third Circuit after referring to judicial liens as "state law property interests" held that Congress intended section 522(f)(1) to apply retroactively to such interests and that such was permissible. *Commonwealth National Bank v. United States (In re Ashe)*, 669 F.2d 105, 111 (3d Cir.1981). The Supreme Court has remanded *Ashe* for reconsideration in light of *Security Industrial*. —— U.S. ——, 103 S.Ct. 563, 74 L.Ed.2d 927 (1982).