**Delores DANIELS a/k/a Deloris Daniels**

**v.**

**DEPARTMENT OF PUBLIC WELFARE.**

**Civ. No. 83–3237.**

United States District Court,
E.D. Pennsylvania.

Sept. 16, 1983.

---

Jack K. Miller, Philadelphia, Pa., for plaintiff.

Jason W. Manne, Department of Public Welfare, Harrisburg, Pa., for defendant.

## MEMORANDUM and ORDER

SHAPIRO, District Judge.

The Commonwealth of Pennsylvania, Department of Public Welfare appealed to the district court from the Order of the Bankruptcy Judge that Department of Public Welfare liens be declared null and void. Counsel for the plaintiff debtor has moved to quash the appeal for failure of the appellant to comply with the Order of the court that its brief be filed within fifteen (15) days of July 7, 1983.

Counsel for appellant did not comply with the direction of the Clerk's Office that its brief be filed and served within fifteen (15) days of the entry of the appeal. Counsel for appellee inquired further if the Department of Public Welfare was going to pursue the appeal to which no answer was received. However, when the appellee moved to quash the appeal the Department of Public Welfare filed a memorandum in support of the appeal directed to the merits. No reason or explanation was given for failure to comply with the briefing schedule of the court. Financial problems of debtors require prompt and expeditious action by the Bankruptcy Court and are entitled to expedited review by the district court to the extent consistent with due process and rules of court. It is in this light that appellant's failure to comply with the briefing schedule must be considered.

Viewed as a motion for leave to file the brief untimely, no reason whatsoever is given for the delay. However, the Department of Public Welfare does address the issue of whether it had a valid defense on the merits. The record shows that the Commonwealth had filed a motion for more definite statement prior to the entry of a default judgment, although the motion was not entered on the docket. Therefore, it may have been inappropriate for the Bankruptcy Court to enter a default on June 2, 1983. However, the Department of Public Welfare, in its Memorandum of Law in Support of the Appeal, admits that even if the default were vacated, it would not presently prevail because *In re Ashe,* 712 F.2d 864 (3d Cir.1983), which held that pre-Code judicial liens are voidable, is controlling precedent. Although the Commonwealth recognizes that even if the appeal were not quashed it cannot be sustained by reason of authority in this Circuit, the Commonwealth seeks to avoid discontinuing the case in the hope that the Supreme Court will take *certiorari* in *Ashe* and reverse in view of a conflict between the circuits.* But appeals cannot be countenanced merely for the purpose of delay.

Therefore, the court is unable to grant the request of counsel for the Department of Welfare that the court hold keep this case on its docket pending disposition of a petition for *certiorari* in *Ashe.* The motion to quash the appeal is granted.

---

\* *Cf., In re White,* 25 B.R. 339 (Bky.App. 1st Cir.1982), and the alleged inconsistency of *Ashe* with *United States v. Security Industrial Bank,* —— U.S. ——, 103 S.Ct. 407, 74 L.Ed.2d 235 (1982).