**In re Julian A. and Sybil E. SCARPA, Debtors.**

**Bankruptcy No. 85–21122.**

United States Bankruptcy Court, W.D. New York.

April 17, 1986.

Irving Etkind, Elmira, N.Y., for debtors.

James L. Burke, Elmira, N.Y., for Edgar W. Bly.

## MEMORANDUM AND DECISION

EDWARD D. HAYES, Bankruptcy Judge.

The debtors, Julian A. Scarpa and Sybil E. Scarpa, brought a motion to avoid five judgment liens which were allegedly impairing their homestead exemptions. Because there was no opposition voiced by four of the judgment lienholders, the motion was granted avoiding those four liens. The fifth lienholder, Edgar W. Bly, opposed the motion on the grounds that the judgment was perfected prior to the enactment of the Bankruptcy Code section which the debtors were relying upon for the relief requested. Attorneys for the debtors and for Mr. Bly were granted additional time to submit proof, affidavits, and memorandums of law as to the status of the remaining judgment lien.

The facts of this case are brief and uncontroverted. On October 3, 1985, the debtors filed their petition for relief under Chapter 7 of the Bankruptcy Code. Within the petition, the debtors listed their residence as an asset which was encumbered by an $1,800 mortgage. The debtors also claimed the maximum allowable New York State homestead exemption—$20,000 [N.Y. Civ.Prac.Law § 5206 (Consol.1981)].

Subsequent to the filing of the petition, an appraisal was performed on the debtors' residence. The appraisal indicated the value of the real property to be $23,000. After subtracting out the outstanding mortgage balance, the debtors' homestead exemptions, and a potential real estate selling commission, the debtors had little or no equity in the property beyond the homestead amounts. The debtors have relied on this lack of equity beyond the homestead exemption amounts in instituting their motion seeking judgment lien avoidance under 11 U.S.C. § 522(f)(1). The relevant portion of § 522 reads as follows:

(f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—
(1) a judicial lien.

According to the debtors' motion, Edgar W. Bly perfected a judgment lien on July 22, 1975. The perfection attached to the debtors' residence and occurred prior to both the enactment date and the effective date of the Bankruptcy Reform Act of 1978, Pub.L. 95–598, 92 Stat. 2549 (1978 Act).

The issue presented is whether § 522(f)(1) may be applied to avoid a judicial lien which was perfected prior to the enactment date of the Bankruptcy Code.

The United States Supreme Court in *U.S. v. Security Industrial Bank*, 459 U.S. 70, 103 S.Ct. 407, 74 L.Ed.2d 235 (1982), held that liens perfected prior to the enactment of the Bankruptcy Code could not be avoided under § 522(f)(2). The analysis used to reach that holding relies

... on the principle of statutory construction deducible from *Holt* and *Auffm'ordt*: [*Holt v. Henley*, 232 U.S. 637, 34 S.Ct. 459, 58 L.Ed. 767 (1914); *Auffm'ordt v. Rasin*, 12 Otto 620, 102 U.S. 620, 26 L.Ed. 262 (1881)] No bankruptcy law shall be construed to eliminate property rights which existed before the law was enacted in the absence of an explicit command from Congress. In light of this principle, the legislative history of the 1978 Act suggests that Congress may not have intended that § 522(f) operate to destroy pre-enactment property rights.

459 U.S. at 81, 103 S.Ct. at 413–14.

By analogy and by the direct application of the Supreme Court's language concerning the entire subsection, other Courts have applied the same analysis to § 522(f)(1) and have determined that pre-enactment property rights may not be destroyed under this subsection. *See, In re Hoffman*, 28 B.R. 503 (Bankr.D.Md.1983); *In re Negri*, 27 B.R. 941 (Bankr.E.D.N.Y.1983); *In re White*, 25 B.R. 339 (Bankr. 1st Cir.1982).

The debtors rely heavily upon the authority of *In re Ashe*, 669 F.2d 105 (3rd Cir. 1982), *cert. granted, vacated, remanded*, 459 U.S. 1082, 103 S.Ct. 563, 74 L.Ed.2d 927 (1982), *aff'd.*, 712 F.2d 864 (3rd Cir.1983). While *Ashe* makes the argument that Congress did intend that § 522(f)(1) be applied retroactively, the facts of that case also indicate that the judicial lien was perfected after the enactment date of the Bankruptcy Act of 1978 and thus, would not destroy pre-enactment property rights.

Based on the authority of *Security Industrial Bank* and the fact that Mr. Bly's judicial lien was perfected prior to the enactment date of the Bankruptcy Act of 1978, it is ordered that the debtors' motion to avoid the Bly lien is denied.